[No. 6,755.—Department No. 2.]

## COFFEY ET AL. *v.* GREENFIELD.

INTERVENTION.—In an action to obtain a decree that defendant held certain real property in trust for the plaintiffs, and to compel a conveyance, the appellant filed his complaint in intervention, setting up a mortgage of the premises by the defendant, and a foreclosure and sale to the intervenor. *Held,* that he was entitled to intervene because he was interested in the success of the defendant, and also because he had an interest in the matter in litigation.

ID.—Any interest in the matter in litigation is sufficient to entitle a party to intervene. The fact that the intervenor might protect that interest in some other way, is immaterial.

APPEAL by the intervenor, Philip Hiffner, from a judgment in favor of the plaintiffs, in the Second District Court, County of Butte.  KEYSER, J.

The facts are stated in the opinion.

*Jo. Hamilton,* and *J. M. Burt,* for Appellant.

The Court erred in sustaining the demurrer to the complaint in intervention.  (Code Civ. Proc. § 387; Story's Eq. Jur. §§ 404, 405; *Brooks* v. *Hager,* 5 Cal. 281; *County of Yuba* v. *Adams & Co.* 7 id. 35; *Dixey* v. *Pollock,* 8 id. 570; *Horn* v. *Volcano Water Co.* 13 id. 62; *Davis* v. *Eppinger,* 18 id. 379; *Coghill & Co.* v. *Marks,* 29 id. 673; *Spanagel* v. *Reay,* 47 id. 608; *Poehlmann* v. *Kennedy,* 48 id. 201; *Coburn* v. *Smart,* 53 id. 742.)

*Gray & Gale,* for Respondents.

Heffner has foreclosed his mortgage, obtained a certificate of sale, and in due time will be entitled to a deed of all Greenfield's interest in the property.  His rights cannot be affected by this action.

SHARPSTEIN, J.:

The appellant Heffner filed his petition in intervention in this action, which was demurred to and the demurrer sustained, on the ground that it did not state facts sufficient to constitute a cause of intervention.  The intervenor failed to amend, and judgment was entered against him, from which he appeals.

The intervenor alleges that he lent to the defendant a certain sum, and took as security a mortgage upon the premises involved in this action; that default was made in the payment of the sum so secured, the mortgage was foreclosed, the property sold and purchased at the sheriff's sale by the intervenor, who holds the sheriff's certificate thereof. He alleges matters in his petition, which, if proven, would defeat the plaintiffs' action, which was brought for the purpose of obtaining a decree that the defendant holds the title to said premises in trust for the plaintiffs, and that he, defendant, be compelled to execute a good and sufficient conveyance thereof to the plaintiffs. The counsel for respondents insist that this affords no ground of intervention. They urge that appellant's rights cannot be affected by the judgment in this action; that if the defendant had the title to the premises when he executed the mortgage to the intervenor, that a judgment in favor of the plaintiffs would not conclude the intervenor, in the event of his obtaining a sheriff's deed of the premises. All of which is undoubtedly true. But the fact nevertheless remains, that the intervenor is interested in the success of the defendant in this action. If the defendant succeeds in this action, the judgment will determine all claims of the plaintiffs to the property, and render the intervenor's title, if he obtain a deed from the Sheriff, as against them, indisputable. Besides, it does seem to us that the intervenor has an interest in the matter in litigation. And the Code does not attempt to specify what or how great that interest shall be, in order to give a right to intervene. Any interest is sufficient. The fact that the intervenor may or may not protect that interest in some other way is not material. If he " has an interest in the matter in litigation, or in the success of either of the parties," he has a right to intervene. In this case, the intervenor in his petition charges that the defendant is in collusion with the plaintiffs, and the facts which he alleges in support of those charges go very far toward supporting them. But we cannot see that they in any way strengthen his claim of right to intervene.

Judgment reversed and cause remanded, with directions to the Court below to overrule the demurrer to the petition of intervention in said action.

MYRICK, J., and THORNTON, J., concurred.