[No. 13649. Department Two. — February 9, 1892.]

WILLIAM ROBINSON, APPELLANT, *v.* CRESCENT CITY MILL AND TRANSPORTATION COMPANY ET AL., RESPONDENTS.

INTERVENTION — EXTENT OF RIGHT — CONSTRUCTION OF CODE. — Under section 387 of the Code of Civil Procedure, the right of any person before trial to intervene in an action or proceeding, who has an interest in the matter in litigation in the success of either of the parties, or an interest against both, is not limited to any particular kind or class of actions, but is general.

ID. — ACTION FOR TRESPASS — INTERVENTION OF PLAINTIFF'S GRANTEE — REAL PARTY IN INTEREST — EMPLOYER OF DEFENDANTS. — In an action for damages for trespasses alleged to have been committed by the defendant in entering upon the plaintiff's land and cutting ditches and trenches thereon, and constructing and using a roadway across the same, one claiming a grant of a right of way over the land from the plaintiff, and who shows himself to be the real party in interest, and the one by whose order and in whose employment the acts complained of were done, has the right to intervene.

RIGHT OF WAY — LOGGING PURPOSES — CONSTRUCTION OF GRANT — LIMITATION OF TIME. — A grant by the owner of swamp-land of a right of way over and through it for logging purposes, to one who owns timber on his own land, is not limited in point of time because by the instrument the grantor sold the timber on his land to the grantee provided the logs should be cut and removed within four years from the date thereof, and also granted a right of way through another portion of the owner's land, for logging purposes, for the term of ten years, in the absence of evidence to show that the two grants were connected with each other, or that the right of way over the swamp-land had any connection with the timber sold.

ID. — USE OF WAY BY EMPLOYEE — OWNERSHIP OF LOGS — TRESPASS. — Where it appears that an employer is the owner of a right of way for logging purposes, and that his employee hauled logs over it for him, the fact that other parties owned an interest in the logs hauled by his employee does not make the action of the employer wrongful, nor make his employee a trespasser.

ID. — POSSESSION OF LAND — FINDINGS — SUPPORT OF JUDGMENT — MODIFICATION — ENJOYMENT OF RIGHT OF WAY. — A judgment in favor of an intervener, that the plaintiff has no right whatever in or to the possession of a strip of land described in the complaint, and that the intervener is entitled to such possession, and perpetually enjoining the plaintiff from disturbing him in such possession, is inconsistent with a finding that the plaintiff is the owner of the land, subject to a right of way granted by him to the intervener, and will be modified on appeal so as to limit the relief to restraining the disturbance of the enjoyment of the right of way.

APPEAL from a judgment of the Superior Court of Del Norte County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. H. Lucas,* and *Lucas & Miller,* for Appellant.

*L. F. Cooper,* and *Sawyer & Burnett,* for Respondents.

The COURT. — This is an action to recover damages in the sum of two hundred dollars for trespasses alleged to have been committed by the defendant corporation in entering upon the plaintiff's land, and cutting ditches and trenches thereon, and constructing and using a roadway across the same. The defendant answered by a general denial. Jacob Wenger was permitted to intervene; and in his complaint he set up a written instrument, executed in August, 1877, by the plaintiff as party of the first part, and by himself as party of the second part, which stated that the party of the first part "does hereby grant unto the said party of the second part the right of way, for logging purposes, over and through that certain tract of swamp and overflowed land [described in plaintiff's complaint]; and the said party of the first part does hereby further agree not to grant unto any other person a privilege for logging purposes over and across said premises last mentioned." He then goes on to allege that for twenty years he had been the owner of certain redwood, spruce, and fir timber situated east of and near the premises described in the complaint; that he had sold the said timber to the defendant corporation, and that he was to furnish a route of transportation for the logs to the waters of Lake Earl, on which defendant's mill was situated; that a strip of seventy-five feet in width was as small a width for his right of way for logging purposes as would give him the proper enjoyment and use of such right of way across the premises described; that under and by virtue of the grant from plaintiff he entered into possession of a strip seventy-five feet in width, running through the said premises from the east to the west side thereof, and employed the defendant to build for him over the strip a logging-road; that the road had been built, and was

then used by him as a logging-road to transport his logs from the lands where they were cut to Lake Earl, whence they were transported to defendant's mill; that the plaintiff's possession had not been disturbed in any other way than by the building of the said road by intervener, and that by the building of the road no wrongs or injuries whatever had been inflicted on the plaintiff; that plaintiff had denied, and did then deny, that intervener had a right of way over the premises described, and had refused, on demand, to designate and select a right of way, and that intervener had selected, designated, and used the said right of way with due regard to the interests of both parties; that plaintiff claimed that he was entitled to the possession of the said strip of land adversely to the intervener, but that he was not entitled to such possession, and his said claim was without any right whatever. Wherefore intervener prayed that it be adjudged and determined by the court that his possession of the said strip of land was good and valid as against the plaintiff, and that the plaintiff be forever enjoined from disturbing such possession.

The plaintiff moved to strike out and also demurred to the complaint in intervention, upon the ground that it did not state facts sufficient to entitle Wenger to intervene in the action, and did not show that he had any interest in the matter in litigation, or in the success of either of the parties thereto. The court denied the motion and overruled the demurrer, and thereupon the plaintiff answered to the complaint, denying most of its averments.

After trial, the court found against the plaintiff upon all the issues raised by the pleadings, and rendered judgment as prayed for by both defendant and intervener. From that judgment, and an order denying him a new trial, plaintiff appeals.

1. It is claimed that the court erred in refusing to strike out and in overruling the demurrer to the complaint in intervention. The code provides: "Any person may, before the trial, intervene in an action or

proceeding, who has an interest in the matter in litiga-
tion in the success of either of the parties, or an interest
against both." (Code Civ. Proc., sec. 387.) This section,
it will be observed, does not limit the right to intervene
to any particular kind or class of actions or proceedings,
but is general. Here, Wenger's complaint shows that he
was the real party in interest, and the one by whose order
and in whose employment the acts were done of which
the plaintiff complains. He was therefore clearly inter-
ested in the matter in litigation, and in the success of
the defendant; and this being so, the rulings were proper.

2. It is also claimed that Wenger's right of way was
granted by the plaintiff for a limited time, which had
expired before the alleged wrongful entry upon his land
was made. This claim is rested upon the written instru-
ment set up in the complaint in intervention. By that
instrument the plaintiff sold to Wenger all the timber
suitable for the manufacture of lumber standing on the
lands then owned by him, provided the logs should be
cut and removed within four years from date. He then
granted a right of way through Russell Creek and over
the premises then owned by him, for logging purposes,
for the term of ten years. Following this is an agree-
ment by Wenger that he will not, while engaged in log-
ging on the premises, graze any live-stock thereon; and
then comes the grant of right of way relied upon here,
and hereinbefore quoted.

In all this we see nothing to indicate, and there was
no attempt to prove, that the last grant was intended to
have any connection with the timber sold, or with the
first grant. On the contrary, it was proved that at the
time the instrument was executed, Wenger held and
assigned to the plaintiff a swamp-land certificate of
purchase for the land described in the complaint. And
referring to this land, Wenger testified that he and the
plaintiff went together to one Peveler, who drew the in-
strument, and told him what they had agreed upon, and
then says: " I told Mr. Peveler that I was to have the
right of way over and through this land; that I had the

land back of it, and before I signed the paper I wanted to know that I had an outlet. I told Mr. Peveler that I wanted a right of way over and across that piece of land before I signed the contract."

3. It is further claimed that if Wenger had a still existing right of way, it was a personal right, a right in gross, which could not be assigned or transferred, and therefore he could not use it, or authorize the defendant to use it, for the purpose of transporting logs in which other parties were interested with him.

The case cited in support of this claim (*Wagner* v. *Hanna*, 38 Cal. 111; 99 Am. Dec. 354) is not in point. That action was brought to recover damages for the obstruction of an alleged right of way across the defendant's land, and the only question was, whether the plaintiff had such a right of way or not. Here, as we have seen, Wenger had a right of way for logging purposes, and the defendant was hauling logs over it for him. It is true that other parties owned an interest in the logs which had been hauled up to the time of the trial, but we do not see how that fact can be said to have made his action wrongful and his employee a trespasser. And if it could, no damages are alleged or shown to have resulted from this use of the road.

4. The judgment given in favor of the intervener is expressed in broader terms than is justified by the findings of fact. The provision therein, that "the plaintiff has no right whatever in or to the possession of the strip of land," and that the intervener, is entitled to such possession, and that the plaintiff be perpetually enjoined from disturbing him in such possession, is inconsistent with the finding that the plaintiff is the owner of the land, subject to the right of way granted by him to the intervener. The rights of the intervener are limited to a right of way for logging purposes, and he is entitled to be undisturbed by the plaintiff in the enjoyment of such right of way; but when he is not making use of the strip for such purposes, he has no right to its possession, or to have the plaintiff deprived thereof.

The order denying a new trial is affirmed, but the court below is directed to modify its judgment in accordance with this opinion, and as so modified the judgment will stand affirmed.

Mr. Justice De Haven did not participate in the foregoing opinion.

Mr. Justice Harrison was assigned to Department Two for the purpose of considering and deciding this cause.