Appeal from Fourth District.

DAYTON v. FREE et al. (Snake Creek Mining & Tunnel Co., Garnishee.)

No. 2936.   Decided December 30, 1916 (162 Pac. 614).

1.  GARNISHMENT—INTERVENTION BY JUDGMENT DEBTOR—TO ESTAB-
LISH GARNISHEE'S INDEBTEDNESSS—"INTEREST." Where judgment
creditor garnishees alleged debtor of judgment debtor pursuant
to Comp. Laws 1907, section 3112, as to garnishment after
judgment, and garnishee answers, denying indebtedness under
Comp. Laws 1907, section 3095, to which plaintiff replies under
Comp. Laws 1907, section 3099, and alleges the garnishee is
indebted in excess of the judgment, the judgment debtor can
intervene to establish such indebtedness of the garnishee, un-
der Comp. Laws 1907, section 2925, allowing a party to inter-
vene "who has an interest in the matter in litigation," etc.;
the intervener's "interest" being such that if the garnishment
action had never been commenced he could have sued the gar-
nishee in his own name.   (Page 224.)

2.  GARNISHMENT—INTERVENTION BY JUDGMENT DEBTOR—TO CONTEST
GARNISHMENT.  A judgment debtor may intervene for the pur-
pose of resisting the plaintiff in a garnishment proceeding by
claiming the money or property exempt from process, or for
the purpose of contesting plaintiff's claim where it has not yet
been merged in the judgment, although he has the right to sue
any one in an independent action who has unlawfully appro-
priated his exempt property or money.   (Page 224.)

Appeal from District Court, Fourth District; *Hon. A. B. Morgan*, Judge.

Garnishment by Ernest Dayton against the Snake Creek Mining and Tunnel Co.   J. S. Free and another file a complaint in intervention.

Judgment dismissing intervener's complaint, they appeal.

REVERSED AND REMANDED, with directions.

*King, Nibley & Farnsworth, E. A. Walton* and *A. C. Hatch* for appellant.

*Howat, MacMillan & Nebeker* for respondent Snake Creek Mining & Tunnel Co.

FRICK, J.

This is an appeal from a judgment dismissing a complaint in intervention. The material facts, briefly stated, are as follows: Ernest Dayton, hereinafter called plaintiff, on August 17, 1913, recovered a judgment in the district court of Wasatch County against Free and Taylor, hereinafter styled interveners, for the sum of $20,000. That judgment was affirmed by this court. *Dayton* v. *Free et al.*, 46 Utah 277, 148 Pac. 408. The judgment, it seems, was not stayed pending the appeal, and hence an execution was immediately issued. Plaintiff also filed his affidavit, in which he alleged that the Snake Creek Mining & Tunnel Company was indebted to the interveners, and a writ of garnishment was issued pursuant to Comp. Laws 1907, Section 3112, in connection with said execution, which writ was served on said Snake Creek Mining & Tunnel Company, hereinafter designated garnishee. The garnishee made answer to said writ of garnishment as required by Comp Laws 1907, Section 3095, and in said answer denied that it was indebted to the interveners in any sum or amount whatever. The plaintiff replied to the sworn answer pursuant to Section 3099, in which reply he avers that the garnishee is indebted to the interveners in an amount largely in excess of the judgment. After the answer of the garnishee was filed, in which it denied that it was indebted to the interveners as before stated, the interveners asked and obtained leave from the district court of Wasatch County, in which the garnishment proceedings were pending, and in which plaintiff obtained his judgment, to file their complaint in intervention, in which they set forth in detail the facts regarding the garnishee's indebtedness. After the complaint in intervention was filed the garnishee assailed it by a general demurrer, and by that means challenged the right of the interveners to intervene in the garnishment proceeding. The district court sustained the demurrer and entered judgment dismissing the complaint in intervention upon the sole ground that the interveners had no legal right to intervene in the garnishment proceeding. The interveners appeal from the judgment.

The only errors assigned and argued are that the district court erred in sustaining the demurrer and in entering judgment dismissing the complaint in intervention. It is earnestly contended by the interveners that inasmuch as the garnishee denies all indebtedness, therefore they have such an interest in the matter in issue between the plaintiff and the garnishee, namely, the issue regarding the garnishee's indebtedness to them, that, under our statute (Comp. Laws 1907, Section 2925) entitles them to intervene as a matter of right. Upon the other hand, the garnishee vigorously insists that the interveners have no such an interest in the controversy as is necessary to authorize an intervention under that section, and that whatever rights they have they must litigate in an independent action against the garnishee.

The interveners cite and rely on *Coffey* v. *Greenfield,* 55 Cal. 382; *Robinson* v. *Crescent City, etc., Co.,* 93 Cal. 316, 28 Pac. 950; *Dennis* v. *Kolm,* 131 Cal. 91, 63 Pac. 141; *Edwards* v. *Temple, Garnishee,* (Del.) 2 Harr. 322; Pomeroy's Code Remedies (4th Ed.), Section 324; and Shinn on Attachment, etc., Section 669.

In a recent case we had occasion to consider and pass upon the right of intervention by one who alleged ownership in the property that was attached, in an action pending between other parties. *Investment Co.* v. *Hechler,* 44 Utah 64, 138 Pac. 1159. We there pointed out that the courts were in hopeless conflict with regard to the right of intervention under a statute like ours. We, however, followed those decisions which we conceived more nearly reflected the true spirit of our Code.

The garnishee cites and relies on two cases, to wit, *In re McClellan's Estate,* 27 S. D. 109, 129 N. W. 1037, Ann. Cas. 1913C, 1029, and *Isaacs* v. *Jones,* 121 Cal. 257, 53 Pac. 793, 1101. An examination of the first case will disclose that the court in that case principally cites and follows cases which we refused to follow in *Investment Co.* v. *Hechler, supra.* As to the second case, it will be observed that it is a case from the Supreme Court of California, and is one where the attempting intervener was clearly without right. That case, however, in no way conflicts with the decisions in the other

California cases cited above, and to which we shall refer again.

Our statute (Section 3099) expressly provides that the plaintiff may reply to the garnishee's answer, and may traverse the whole or any part thereof, and may "allege any matters which would charge the garnishee with liability." The plaintiff may thus plead and prove any facts showing that the garnishee is indebted to the judgment debtor, the defendant in the original action. That such is the case is conceded by the garnishee. The question to be answered, therefore, is that, assuming that A recovers a judgment against B, which remains unsatisfied, and A sues out a writ of garnishment against C, and C denies that he is indebted to B, may he intervene in the garnishment proceeding and join with A in attempting to establish that C is in fact indebted to B? In other words, has B such an interest in the subject-matter in dispute between A and C that entitles him to intervene?, In referring to the interest that is sufficient to authorize intervention under our statute, Mr. Pomeroy, in his Code Remedies (4th Ed.), Section 324, says:

"The doctrine may be expressed in the following manner: The intervener's interest must be such, that if the original action had never been commenced, and he had first brought it as the sole plaintiff, he would have been entitled to recover in his own name to the extent at least of a part of the relief sought."

The foregoing statement certainly is applicable to the interveners here. Indeed, the garnishee concedes that the interveners have a right to sue it upon the cause of action set forth in the complaint in intervention, but it insists **1, 2** that they may not litigate their claim in this proceeding. But why not? Why may they not join hands with the plaintiff in proving the indebtedness which plaintiff seeks to establish in this proceeding and which the garnishee denies? It seems to us that when it is once conceded that the plaintiff may join issue with the garnishee respecting its answer, and, in the language of the statute, may "allege any matters which would charge the garnishee with liability," all doubt respecting the interveners' right to join the plaintiff in establishing the garnishee's liability vanishes. The interveners clearly

have such an interest in the proceeding as entitles them to intervene under the test laid down by Mr. Pomeroy. They could have brought the action against the garnishee by alleging the facts in an independent action precisely as they are alleged in the complaint in intervention. Moreover, every dollar that is recovered in this proceeding is their money, and all that the plaintiff obtains is a lien, coupled with the right to appropriate so much thereof as may be necessary to satisfy his judgment. Anything in excess of that amount belongs to the interveners without question. Their interest, both in the result and in the amount recovered in this proceeding, is therefore quite as direct and if anything greater than is the interest of the plaintiff, and no one would suggest that the plaintiff is without sufficient interest to maintain the proceeding. In our judgment the objection to the intervention in this case is largely due to the fact that it is unusual for the judgment debtor to intervene in garnishment proceedings for the purpose of establishing an indebtedness which the plaintiff in such proceeding alleges is owing by the garnishee and which the latter denies. That a judgment debtor may intervene for the purpose of resisting the plaintiff in a garnishment proceeding by claiming the money or property exempt from process, or for the purpose of contesting plaintiff's claim where it has not yet been merged in judgment, there is no doubt. 2 Shinn on Attachment, etc., Section 669. And he may do so, although he has the right to sue any one in an independent action who has unlawfully appropriated his exempt property or money. Again, the authorities are practically unanimous that the defendant in the original action, the judgment debtor, may appeal in case he is dissatisfied with the ruling or judgment of the court in case his property is taken under a writ of garnishment. If he has sufficient interest to prosecute the case in the appellate court, it necessarily follows that the same interest is suffiicent to intervene in the court of original jurisdiction in case his property rights are affected. We have, in a very recent case, held that the defendant in the original action, the judgment debtor, may appeal. *Giesy-Walker Co.* v. *Briggs,* 49 Utah 205, 162 Pac. 876. The authorities are there cited, and need not be

repeated here. It has, however, been expressly held that the right to intervene is not limited to any particular kind of action or proceeding. In *Robinson* v. *Crescent City, etc., Co.,* 93 Cal. 316, 28 Pac. 950, the doctrine is stated in the first headnote as follows:

"Under section 387 of the Code of Civil Procedure, the right of any person before trial to intervene in an action or proceeding, who has an interest in the matter in litigation in the success of either of the parties, or an interest against both, is not limited to any particular kind or class of actions, but is general."

Again, the same court, in *Coffey* v. *Greenfield, supra,* after speaking of the extent of the intervener's interest and his right to intervene, although he has an independent remedy, says:

"And the Code does not attempt to specify what or how great that interest shall be, in order to give a right to intervene. Any interest is sufficient. The fact that the intervener may or may not protect that interest in some other way is not material. If he 'has an interest in the matter of litigation, or in the success of either of the parties,' he has a right to intervene."

Of course the interest there referred to is a pecuniary one, and not merely a wish or a strong desire that either party should succeed.

Both of the foregoing California cases are approved and followed in the later case of *Dennis* v. *Kolm,* 131 Cal. 91, 63 Pac. 145.

The conclusion, therefore, follows as a matter of course that the district court erred in dismissing the complaint in intervention. The judgment is therefore reversed, and the case is remanded to the district court of Wasatch County, with direction to set aside its judgment dismissing said complaint and to reinstate the same and to proceed with the case in the usual manner. Appellant to recover costs.

STRAUP, C. J., and McCARTY, J., concur.