TOMÁS RODRÍGUEZ & HNOS., *S. en C.*, Petitioners, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 690. Argued February 3, 1930.—Decided April 29, 1930.

840

*López de Tord & Zayas Pizarro,* for petitioner.    *C. Domínguez Rubio,* for intervener.

MR. JUSTICE WOLF delivered the opinion of the court.

Tomás Rodríguez & Hnos. brought suit in Ponce against Francisco Rodríguez Collazo to recover the sum of $4,056.68. To secure the effectiveness of the judgment, the said creditor through the Marshal of the District Court of Guayama obtained, so it is alleged, an attachment against the effects or merchandise of the debtor in the city of Guayama, claiming

the sum of $737.26. Francisco Forteza & Co. similarly obtained a subsequent attachment (*re-embargo*) against the same property. In Guayama more or less contemporaneously Rafael Funtané, for money owing or nominally owing to his wife, began a suit in the Municipal Court of Guayama, and to secure the effectiveness of his judgment, obtained an attachment levied subsequently to the two we have previously mentioned. For the purpose of this certiorari it may be definitely assumed that the suit of Funtané ripened into an unappealable judgment.

To the complaint in Ponce the debtor filed a demurrer. Afterwards, however, the debtor and the two creditors whose claims originated in Ponce, filed a stipulation literally or in effect approved by the District Court of Ponce, whereby, subject to unimportant exceptions, the property in Guayama and in the hands of the depositary there, should be transported to Ponce and sold in accustomed form by the marshal of the said district court. Under the stipulation the lien of the attachments should be released and after deducting expenses, the proceeds of the public auction sale be applied "in so far as possible" to satisfy the claims of the attaching creditors. One of the questions raised in this case was whether the stipulation and the order was, or had the effect of a final judgment. Hence the quotation marks.

The property was transported to Ponce, and after a public notice, sold by the marshal to Manuel García Reyes, and produced $265. By virtue of an order of the court bearing date August 17, 1929, the net amount of $133.39 was turned over to Tomás Rodríguez & Hnos., the first attaching creditor.

On the 9th of December, 1929, Funtané filed a petition of intervention, which was granted by the District Court of Ponce. The petition of certiorari before us was filed by the said Tomás Rodríguez & Hnos. The petition of intervention among other things, set up some of the facts we have recited; that part of the property sold for $265 at the public sale in Ponce was subsequently resold for $3,000; that the in-

tervener had no knowledge or notice of the sale; that the property itself was not in any way exhibited at the public sale, and that the alleged depositary never had the physical possession of the same.

The court below founded its right to allow the intervention on section 72 of the Code of Civil Procedure. Under this and similar statutes the right of a subsequent attaching creditor to protect his lien without resort to another suit is clear. *Succession of Orcasitas et al.* v. *A. M. Somoza & Co.* (Orcasitas intervener), 27 P.R.R. 462; *Kimball* v. *Richardson-Kimball Co.*, 111 Cal. 392, 43 Pac. 1111; *Coffey* v. *Greenfield*, 55 Cal. 382; *Speyer* v. *Ihmels & Co.*, 21 Cal. 281; 81 A. D. 157; *Potlatch Lumber Co.* v. *Runkel,* (Idaho) 101 Pac. 396; 23 L.R.A. (N. S) 536; 3 Cal. Jurisprudence 548, 549, Notes 13 and 15; 20 Cal. Jur. 517, 520; 20 R.C.L. 687; 47 C. J. 106. As was said in *Coffey* v. *Greenfield, supra:*

"If the defendant succeeds in this action, the judgment will determine all claims of the plaintiffs to the property, and render the intervener's title, if he obtain a deed from the Sheriff, as against them, indisputable. Besides, it does seem to us that the intervener has an interest in the matter in litigation. And the Code does not attempt to specify what or how great that interest shall be, in order to give a right to intervene. Any interest is sufficient. The fact that the intervener may or may not protect that interest in some other way is not material. If he 'has an interest in the matter in litigation, or in the success of either of the parties,' he has a right to intervene."

In the ultimate analysis, the right of a subsequent attaching creditor to intervene is the only distinctive procedural matter that was raised by this petition in certiorari. The petitioner, however, has alleged various matters which were supposed to defeat the lien of the subsequent attaching creditor. The first of these was that the suit begun in the Municipal Court of Guayama was for a claim belonging to the wife of Funtané rather than to himself. Independently of the presumption that all property acquired during mar-

riage is ganancial, subject to the administration of the husband, a valid judgment arose in the said municipal court in which the petitioner in certiorari has no interest and which could not be collaterally attacked. Once it is settled that the case fell within the jurisdiction of a municipal court, its judgments have the presumption in their favor that exist for courts of record. Furthermore, the action of the District Court of Ponce in allowing the intervention could not be attacked in certiorari on the ground that the intervener was not entitled to a judgment in the municipal court. This was a matter for investigation of the judge at the subsequent trial and his rulings for or against, while possibly erroneous, were not errors of procedure.

Similarly the question of whether or not the stipulation in this case and the order of the court thereon constituted a final judgment, would be a matter for the court to consider in disposing of the intervention, if at all. However, we incline to agree with the District Court of Ponce, that even in its form the stipulation and the order thereon did not partake of the nature of a final judgment.

In any and every event the interest of the intervener in this case was not in the validity of a settlement of a claim between the plaintiff and the defendant, but in the property attached, and where there had been no actual trial, or even if there had been, a lien creditor has a right to intervene and be heard without regard to the technical provisions of section 72. Inherent powers and other sections of the Code of Civil Procedure come into play. The right of a court to permit a lien creditor to be heard, and to dispute the proceedings where property is attached, can not be subject to doubt. These considerations are heightened when attention is given to the nature of the supposed final judgment and whether it might possibly be attacked on the ground of its being null and void *ab initio* or whether it was not fraudulently obtained.

Despite the provisions of Title V and sections 88, 89 and 92 of the Code of Civil Procedure and perhaps others, the

writer has considerable doubts whether in a suit for the recovery of a personal judgment, independently of one affecting real estate, to quiet title and divorce proceedings, a district court may, without a submission, acquire jurisdiction over a defendant, who neither resides within nor has property in the district. Of course the Legislature may authorize such process, or make the jurisdiction of all district courts concurrent, but the writer is not convinced that it has done so. The majority of the court does not care to enter into a consideration of these doubts.

Similarly the writer has doubts whether one district court may attach property of a nonresident defendant, where such property is outside of the district from which the writ issues, but does not deem it advisable to enter into any considerable discussion of the matter. The doubts of the writer, if well founded, might give a priority to the claim of Funtané.

We shall not to any great extent enter into the averments of fraud made by the intervener. These are matters to be investigated by the District Court of Ponce.

We have also had a doubt whether the stipulation, if it was justifiable at all, did not by its terms release the goods primarily attached and, before the goods were removed from Guayama, so give Funtané paramount rights over the said goods.

One of our reasons for issuing a certiorari in this case was that *prima facie* it appeared a little dubious whether the two preceding claims would not exhaust the property. Further reflection, however, convinces us that the intervener has a full right to test these questions in the District Court of Ponce.

The following citation from *Kimball* v. *Richardson-Kimball Co., supra,* is applicable generally to this case:

"The fact that this is a proceeding of intervention is no reason why the equitable rights of the parties should not be adjusted on the same principle as the court would do in a direct action for that pur-

pose, and the fact that intervenor might have brought an action and obtained relief therein is no argument against his right here. (Coffey v. Greenfield, supra.)''

The writ will be annulled.

Mr. Justice Aldrey dissented. Mr. Justice Texidor concurs in the judgment.

ON MOTION FOR REHEARING MAY 23, 1930.

Mr. Justice Wolf delivered the opinion of the court.

Practically all the questions raised by this motion for rehearing are sufficiently covered by our original opinion or have no great importance. The only additional matter that we care to discuss is whether the District Court of Ponce was deprived of jurisdiction over the goods attached by the sale to a third person, namely, Manuel García Reyes. If the acts by which Manuel García Reyes obtained the possession of the property were fraudulent or otherwise null and void, there is quite a possibility that either the goods might be reached in his hands or if again sold, even the proceeds of them. It might also be doubtful whether the District Court of Ponce, in case of fraud, would not have the right to hold anyone who assisted in making the goods disappear by sale or otherwise, responsible to the attachment creditor Funtané.

We suggest these matters because of the insistence of the petitioner. If the firm is right in its contention that the District Court of Ponce was without jurisdiction, such lack of jurisdiction may be raised in the said district court. Merely because a court is without jurisdiction is not a sufficient reason for a concession of a certiorari if the matter of jurisdiction may be raised in the court below and brought here by appeal as could be done in this case. It is only when the remedy by appeal is inadequate or there is some reason for haste, that a party should not in fact be put to his appeal.

Furthermore, where a party has a remedy by appeal, it must be an exceedingly strong case which would cause this

court to reconsider an order denying the right to a writ of certiorari.

The motion for rehearing will be denied.