Tomás Rodríguez & Hnos., S. en C., peticionaria, *v.* La Corte de Distrito de Ponce, Hon. Roberto H. Todd., Jr., Juez, demandada.

No. 690.—*Sometido:* Febrero 3, 1930. *Resuelto:* Abril 29, 1930.

*López de Tord & Zayas Pizarro,* abogados de la peticionaria; *C. Domínguez Rubio,* abogado del interventor.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Tomás Rodríguez & Hnos. entabló pleito en Ponce contra Francisco Rodríguez Collazo en cobro de la suma de $4.056.68. Para asegurar la efectividad de la sentencia, dicho acreedor, por conducto del Márshal de la Corte de Distrito de Guayama, obtuvo—así se alega—un embargo contra los efectos o mercancías del deudor en la ciudad de Guayama por la cantidad de $737.26. Francisco Forteza & Co. igualmente obtuvo un reembargo sobre los mismos bienes. En Guayama, más o menos contemporáneamente, Rafael Funtané instó ante la corte municipal de dicha ciudad pleito por dinero adeudado, o nominalmente adeudado, a su esposa; y para asegurar la efectividad de la sentencia, consiguió un embargo que fué trabado con posterioridad a los dos que ya hemos aludido. Para los fines de este recurso de *certiorari* puede asumirse definitivamente que el litigio entablado por Funtané culminó en una sentencia firme.

El deudor radicó excepción previa contra la demanda radicada en Ponce. Sin embargo, él y los dos acreedores cuyas reclamaciones se originaron en Ponce radicaron después una estipulación que fué literalmente o en efecto aprobada por la Corte de Distrito de Ponce, a virtud de la cual, salvo excepciones sin importancia, los bienes que se hallaban en Guayama en poder del depositario debían ser transportados a Ponce y vendidos en la forma acostumbrada por el márshal de dicha corte. De acuerdo con la estipulación, los embargos debían ser levantados, y, después de deducir los gastos, el producido de la venta en pública subasta debía aplicarse "hasta

donde fuere posible,'' para satisfacer las reclamaciones de los que habían embargado. Una de las cuestiones suscitadas en este caso fué la de si la estipulación y la orden equivalían, o tenían el efecto, de una sentencia final. De ahí las comillas.

Los bienes fueron conducidos a Ponce y, previo aviso público, fueron vendidos por el márshal a Manuel García, Reyes, produciendo $265. A virtud de una orden de la corte de fecha 17 de agosto, 1929, el importe neto de $133.39 fué entregado a Tomás Rodríguez & Hnos., el primer acreedor que embargó.

El 9 de diciembre, 1929, Funtané radicó una solicitud de intervención que fué admitida por la Corte de Distrito de Ponce. La petición de *certiorari* que tenemos ante nos fué radicada por dicho Tomás Rodríguez & Hnos. Entre otras cosas, la solicitud de intervención alegaba los hechos que hemos expuesto; que parte de los bienes vendidos por $265 en pública subasta en Ponce fueron posteriormente revendidos por $3,000; que el interventor no tuvo conocimiento o aviso de la venta; que los bienes mismos no fueron en forma alguna mostrados durante la venta en pública subasta, y que el supuesto depositario nunca tuvo la posesión material de ellos.

La corte inferior fundó su derecho a admitir la intervención en el artículo 72 del Código de Enjuiciamiento Civil. Bajo éste y estatutos similares, el derecho de un acreedor que embarga posteriormente a proteger su gravamen sin recurrir a otro litigio es claro. *Sucesión de Orcasitas et al.* v. *A. M. Somoza & Co.* (Orcasitas, interventor), 27 D.P. R. 501; *Kimball* v. *Richardson-Kimball Co.,* 111 Cal. 392, 43 Pac. 1111; *Coffey* v. *Greenfield,* 55 Cal. 382; *Speyer* v. *Ihmel & Co.,* 21 Cal. 281, 81 A. D. 157; *Potlatch Lumber Co.* v. *Runkel* (Idaho), 101 Pac. 396, 23 L.R.A. (N. S.) 536; 3 Cal. Jurisprudence 548, 549, notas 13 y 15; 20 Cal. Jur. 517, 520, 20 R.C.L. 687, 47 C. J. 106. Según se dijo en *Coffey* v. *Greenfield, supra,*

"Si el demandado tiene éxito en esta acción, la sentencia debe determinar todas las reclamaciones hechas por los demandantes sobre la propiedad y hacer que el título del interventor, si el márshal le otorga escritura en contra de ellos, sea indisputable. Además, nos parece que el interventor tiene interés en el asunto en litigio. El código no trata de especificar cuál debe ser ese interés y el alcance del mismo para que el derecho a intervenir surja. Cualquier interés es suficiente. El hecho de que el interventor pueda o no proteger ese interés en alguna otra forma es inmaterial. Si él 'tiene interés en el asunto en litigio o en el éxito de cualquiera de las partes,' tiene derecho a intervenir.''

En el análisis final, el derecho a intervenir un acreedor que embarga posteriormente es la única cuestión clara de procedimiento que fué levantada por esta petición de *certiorari*. Empero, la peticionaria ha alegado varias cuestiones que se suponía destruían el gravamen del acreedor que embargó con posterioridad. La primera de éstas fué que el pleito entablado en la corte municipal de Guayama versaba sobre un crédito perteneciente a la esposa de Funtané más bien que a él mismo. Independientemente de la presunción de que todos los bienes adquiridos durante el matrimonio son gananciales, sujetos a ser administrados por el esposo, en dicha corte municipal surgió una sentencia válida en la cual la peticionaria en este recurso de *certiorari* no tiene interés, y que no podía ser atacada colateralmente. Una vez resuelto que el caso cae dentro de la jurisdicción de la corte municipal, sus sentencias tienen a su favor la presunción que existe en favor de las de cortes de récord. Además, la actuación de la Corte de Distrito de Ponce al permitir la intervención no podía ser atacada en un procedimiento de *certiorari* fundándose en que el interventor no tenía derecho a obtener sentencia en la corte municipal. Esta era cuestión a investigar por el juez en el juicio posterior y sus resoluciones en pro o en contra, aunque posiblemente fueran erróneas, no eran errores de procedimiento.

Igualmente, la cuestión de si la estipulación presentada en este caso y la orden de la corte resolviéndola constituían

una sentencia final, sería una para ser considerada por la corte, si era que debía hacerlo, al resolver la solicitud de intervención. Sin embargo, nos inclinamos a convenir con la Corte de Distrito de Ponce que aun por su forma la estipulación y la orden aprobándola no participan de la naturaleza de una sentencia final.

De todos modos, el interés que tenía el interventor en este caso no era en la validez del arreglo de una reclamación existente entre la parte demandante y el demandado, sino en los bienes embargados; y, no habiéndose celebrado un verdadero juicio, o aun si se hubiese celebrado, a un acreedor que tiene un gravamen le asiste el derecho de intervenir y de ser oído, independientemente de las disposiciones técnicas del artículo 72. Vienen a escena los poderes inherentes y otros artículos del Código de Enjuiciamiento Civil. El derecho de una corte de permitir a un acreedor que tiene un gravamen ser oído e impugnar los procedimientos cuando se han embargado bienes, no puede estar sujeto a dudas. Estas consideraciones adquieren mayor consistencia cuando se presta atención a la naturaleza de la supuesta sentencia final y a si podía ser posiblemente atacada como nula o ineficaz *ab initio,* o por haber sido obtenida fraudulentamente.

A pesar de las disposiciones del Título V y de los artículos 88, 89 y 92 del Código de Enjuiciamiento Civil, y quizá otros, el juez que subscribe ha tenido dudas considerables respecto a si en un pleito para recobrar una sentencia personal, independientemente de una sentencia que efecte bienes inmuebles, de una sobre el título de bienes y en procedimientos de divorcio, una corte de distrito puede, sin que haya sumisión, adquirir jurisdicción sobre la persona de un demandado que ni reside ni tiene bienes dentro del distrito. Desde luego que la Legislatura puede autorizar tal procedimiento o hacer que la jurisdicción de todas las cortes de distrito sea concurrente, pero el juez que subscribe no está

convencido de que lo ha hecho así. La mayoría de la corte no desea entrar en la consideración de esas dudas.

De igual modo el juez que suscribe tiene dudas respecto a si una corte de distrito puede embargar bienes de un demandado no residente, cuando tales bienes se hallan fuera del distrito donde la orden de embargo ha sido librada, pero no cree prudente entrar en una larga discusión de la materia. Las dudas del que suscribe, de estar bien fundadas, podrían dar prioridad a la reclamación de Funtané.

No entraremos a discutir extensamente las alegaciones de fraude presentadas por el interventor. Estas son cuestiones a ser investigadas por la Corte de Distrito de Ponce.

También hemos tenido la duda de si la estipulación—de ser en alguna forma justificable—por sus propios términos no relevó del gravamen los bienes primeramente embargados, dando así a Funtané, antes de que los bienes fueran trasladados de Guayama, derechos superiores sobre los mismos.

Una de las razones que hemos tenido para librar el auto de *certiorari* en este caso fué que *prima facie* parecía algo dudoso si las dos reclamaciones anteriores agotarían o no los bienes. Empero, reflexiones ulteriores nos convencen de que el interventor tenía amplio derecho para ventilar estas cuestiones ante la Corte de Distrito de Ponce.

La siguiente cita de *Kimball* v. *Richardson-Kimball Co., supra,* es aplicable generalmente a este caso:

"El hecho de que éste sea un procedimiento de intervención no es motivo para que los derechos en equidad de las partes no sean resueltos sobre los mismos principios en que la corte se basaría en una acción directa para ese fin; y el hecho de que el interventor pudo haber instado acción y obtenido remedio en la misma no es argumento contra su derecho en este caso. (Goffey v. Greenfield, *supra*)."

*Debe anularse el auto expedido.*

El Juez Asociado Señor Aldrey, disintió.* El Juez Asociado Señor Texidor está conforme con la sentencia.

---

* NOTA: Véase el prefacio.

EN RECONSIDERACION

**Mayo 23, 1930.**

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

██ Prácticamente todas las cuestiones suscitadas por esta moción de reconsideración fueron suficientemente cubiertas por nuestra opinión original, o carecen de gran importancia. La única cuestión adicional que nos interesa discutir es si se privó a la Corte de Distrito de Ponce de jurisdicción sobre los bienes embargados mediante la venta a una tercera persona, es decir, a Manuel García Reyes. Si los actos a virtud de los cuales Manuel García Reyes obtuvo posesión de los bienes fueron fraudulentos, o nulos e ineficaces por cualquier otra causa, es muy posible que, o se podían obtener los bienes de sus manos, o, al ser nuevamente vendidos, el producto de ellos.

También podría ser dudoso que la Corte de Distrito de Ponce, en caso de fraude, no tuviera el derecho de exigir que cualquier persona que contribuyera a hacer que los artículos desapareciesen mediante venta o en alguna otra forma, sea responsable al acreedor que embargó, Funtané.

█ Sugerimos estos extremos en vista de la insistencia de la peticionaria. Si la sociedad está en lo cierto en su contención de que la Corte de Distrito de Ponce carecía de jurisdicción, esa falta de jurisdicción puede levantarse en la citada corte de distrito. El mero hecho de que una corte carezca de jurisdicción no es motivo suficiente para que se declare con lugar una solicitud de *certiorari* si la cuestión de jurisdicción puede ser levantada en la corte inferior y elevada a este tribunal por medio de apelación, según ha podido hacerse en este caso. Es sólo cuando el recurso de apelación es inadecuado o cuando existe algún motivo de premura, que en realidad no debe obligarse a una parte a utilizar la apelación.

█ Además, cuando una parte tiene derecho a ejercer el

recurso de apelación, debe tratarse de un caso excesivamente fuerte para que este tribunal reconsidere una orden denegando el derecho a un auto de *certiorari*.

*Se declara sin lugar la moción de reconsideración.*