[Civ. No. 20927.   Second Dist., Div. One.   Aug. 22, 1955.]

D. EDGAR COHN et al., Appellants, v. COUNTY BOARD OF SUPERVISORS OF THE COUNTY OF LOS ANGELES et al., Respondents.

Morris Lavine for Appellants.

Harold W. Kennedy, County Counsel, and Edward H. Gaylord, Deputy County Counsel, Trippet, Newcomer, Yoakum & Thomas and F. B. Yoakum, Jr., for Respondents.

DRAPEAU, J.—The Board of Supervisors of the County of Los Angeles granted a special permit to operate a rock quarry and crushing plant, a sand and gravel pit, and an asphalt plant upon three parcels of land in Malibu Canyon. The permit was granted under the county zoning ordinance.

The surrounding property is mountainous brush land. The area is unclassified. In such areas special permits are granted for various industrial enterprises.

The proceedings leading up to this action were as follows:

Art Jones and Harry McDowell made application to the county zoning board for a special permit to operate the facilities named. Protests were made to the zoning board by the Malibu Parent Teachers' Association, by various churches, by the principal of the Malibu school, and by other residents of the area.

The zoning board held a hearing, at which oral testimony was heard, and written complaints were received. The zoning board recommended that a permit for the asphalt plant be denied, but that a permit be granted for a sand and gravel pit and rock quarry and crushing plant, to continue until January 1, 1964.

The regional planning commission approved the recommendation of the zoning board.

Jones and McDowell petitioned the board of supervisors to review the denial of the permit requested for the asphalt plant. The board held a hearing, pursuant to section 662 of the ordinance. This section provides that upon receiving a notice of appeal the board of supervisors may: (a) affirm the action of the commission; (b) obtain all the records and evidence upon which the commission made its decision and take whatever action it (the board) decides is indicated; (c) refer the matter back to the commission for further proceedings; or (d) set the matter for a new hearing before itself, as if no other hearing had been held.

A transcript of the prior proceedings was furnished to, and read by the board. Then the board reversed the order denying the permit for the asphalt plant, and granted a permit for all three of the purposes named.

Plaintiff D. Edgar Cohn filed his complaint in this action in the superior court. He objected to zoning the property for any of the uses permitted, and asked for a writ of review, or other appropriate remedy, and for declaratory relief. An alternative writ issued, and the matter was heard and considered in certiorari. (Code Civ. Proc., § 1067 et seq.)

After the complaint was filed Jones and McDowell withdrew their intentions of going forward with the project, and assigned whatever rights they had in and to the permit to Rhoda R. Adamson, owner of the property. She appears as intervener in this action.

The trial court found that plaintiff, D. Edgar Cohn, had not appealed to the board of supervisors from the order of the zoning board, therefore that he had not exhausted his administrative remedies, and had no right to pursue the action. Demurrer to his complaint was sustained, without leave to amend.

But the action was not dismissed, for P. J. Fobert had also filed a complaint in intervention, making the same contentions as Mr. Cohn. And he had appealed from the decision of the regional planning commission. The court found that he, therefore, had the right to continue with the action.

The court further found that the proceedings before the board of supervisors under section 662 of the zoning ordinance accorded due process, and were within its jurisdiction (see *Cooper* v. *State Board of Medical Examiners,* 35 Cal.2d 242, 245 [217 P.2d 630, 18 A.L.R.2d 593]), and that the board had regularly proceeded and determined the matter.

Judgment followed against plaintiff, D. Edgar Cohn, and against plaintiff in intervention, P. J. Fobert, and for the board of supervisors, affirming the granting of the permit, and dismissing the alternative writ of review.

Plaintiff D. Edgar Cohn, and plaintiff in intervention, P. J. Fobert, appeal.

Appellants urge the following grounds of appeal:

1. The court erred in permitting Rhoda R. Adamson to file her complaint in intervention.

2. Jones and McDowell had nothing to assign. The permit granted to them was personal and not transferable. Mrs. Adamson, therefore, has no justiciable rights in the controversy.

3. Notice required by section 638 of the zoning ordinance was not given.

4. Section 662 of the zoning ordinance is inherently unconstitutional, and its application in this case was unconstitutional and void for the reasons: that no hearing was held by the board of supervisors, and the board acted arbitrarily and capriciously in reversing the zoning board, which board had heard the witnesses and considered the evidence.

5. There has been a noncompliance with the views of the air pollution control board, that the project is contrary to health, safety, and general welfare in the area.

These grounds of appeal have been considered, and will be commented upon in the order stated.

1. Referring to the first ground of objection, that the

superior court erred in permitting the owner of the property to file her complaint in intervention:

■ Special use permits under zoning ordinances run with the land. ■ "A variance for the use of property in a particular manner is not personal to the owner at the time of the grant, but is available to any subsequent owner, until it expires according to its terms or is effectively revoked, and this is true, even though the original owner did not act on it." (62 C.J.S. 547.) ■ Any person who is a real party in interest may intervene in any type of action or proceeding. (*Robinson* v. *Crescent City etc. Co.*, 93 Cal. 316, 318 [28 P. 950] ; Code Civ. Proc., § 387.) ■ Mrs. Adamson was a real party in interest and had the right to intervene.

2. Appellants' second ground of objection—attacking Mrs. Adamson's rights under the assignment—is likewise untenable.

■ Zoning ordinances are concerned with the uses to which property may be put. ■ Jones and McDowell had a right to assign whatever interest they had in or to the premises, and Mrs. Adamson, as owner of the property, was entitled to assert her rights as owner and as assignee, and to have those rights determined in this action.

■ 3. From the record it appears that notice of the hearing before the zoning board was published in a newspaper of general circulation more than 10 days before the hearing. This complied with the requirements of the ordinance. Moreover, both appellants were present at the hearing before the zoning board. Having appeared there, it is questionable whether they may now assert that they did not have legal notice. (*North Side etc. Assn.* v. *County of Los Angeles,* 70 Cal.App.2d 598, 604 [161 P.2d 613].)

■ 4. This court can find no constitutional difficulties with either section 662 of the ordinance, or with its application to this particular case. This section provides a method for the administration of the ordinance. Nothing in the ordinance requires the board of supervisors to try a whole matter de novo. It is sufficient if protestants have an opportunity to be heard. And the board may take into consideration evidence before the zoning board. That the board of supervisors did that in this case is shown by its records: "Following the reading of the transcript before the Zoning Board, by the members of the Board . . ." ■ And it will be presumed that the board of supervisors reviewed the record and considered all the facts. (*Pacific Emp. Ins. Co.* v. *Industrial Acc. Com.*, 19 Cal.2d 622, 633 [122 P.2d 570, 141 A.L.R. 798].)

██ 5. Finally, whether the permit was contrary to the health, safety, and general welfare of the people of the county was a matter committed to the discretion of the zoning authorities. The board of supervisors did not act capriciously or arbitrarily. That body considered the facts. And that body properly gave consideration to the rights of the owner of the property—rights that should always be considered in the application of zoning laws, which of necessity limit rights of ownership of individuals in real property for the general welfare of all.

In *Beverly Oil Co.* v. *City of Los Angeles,* 40 Cal.2d 552 [254 P.2d 865], our Supreme Court, speaking through Mr. Justice Shenk, states (at p. 560) the cardinal rule in these matters: ''The classification of zones and the granting of variances present questions generally within the discretion of the zoning authorities. Their determination may not be set at naught by the courts unless it is arbitrary and unreasonable.''

██ In this case the burden of complaints of the protestants was that the products of the gravel pit, rock quarry, and asphalt plant would be hauled by trucks along a narrow, dusty road, in front of a school, churches, and protestants' property. But the pit, quarry, and asphalt plant were more than two miles distant from protestants' property.

Giving to their objections all the weight to which they are justly entitled, it seems to this court that to deny the owner of property the right to its use in such circumstances would be to carry zoning entirely too far. Measures undoubtedly can be taken to correct the nuisance feared by protestants, without denying to the property owner the right to put her property to beneficial use.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 19, 1955.