Patricia ROBINSON, et al., Appellants,

v.

**FIRST NATIONAL BANK OF CHICAGO, Appellee.**

No. 98–CV–1726.

District of Columbia Court of Appeals.

Submitted Dec. 5, 2000.

Decided Jan. 11, 2001.

A. Palmer Ifill, Washington, DC for appellants.

No brief was filed, for appellee.

Before SCHWELB and FARRELL, Associate Judges, and NEBEKER, Senior Judge.

FARRELL, Associate Judge:

The trial judge denied appellant Patricia Robinson leave to intervene in this suit for possession of a house foreclosed on by appellee, First National Bank of Chicago (the Bank), despite her claim that she was a tenant of the house occupying it under an oral agreement with the former owner. Our decisions construing intervention under SUPER.CT.CIV.R. 24(a) (Intervention of Right) and the rights of a tenant with respect to foreclosed property require us to vacate the judge's order and remand for further proceedings.

**I.**

The Bank, as trustee on a mortgage, foreclosed on the property in question in April 1998, giving notice to the owner, Annie Burnett, to vacate and quit. The Bank then filed a complaint for possession of the property and served notice on Burnett by posting. Although Burnett did not answer the complaint (and a default judgment was subsequently entered), Robinson moved to intervene in the action claiming that she was "the sole occupant of the ... property, and ... a tenant of the former owner." At a hearing on the motion, her attorney represented that Robinson was a relative of Burnett's and had occupied the house as a tenant since 1982. Her oral agreement with Burnett provided that as

rent she would pay off the arrearage in property taxes, the water and sewer bills, and insurance on the property, all of which—according to counsel—she had done or was faithfully doing. The trial judge, though, declared he would hear testimony only on the issue of whether Robinson had received the notice to quit issued to Burnett. After Robinson testified on that point, the judge found it undisputed that Robinson had "made certain payments in connection with the property, namely, utility payments literally through the present date and insurance payments [during 1997 and 1998] and some other payments regarding maintenance of [the] property in 1997," but nonetheless denied the motion to intervene. Concluding that the issue was one of "permissive intervention," the judge found that Robinson had been served with the notice to quit, had waited several months after learning of the suit to seek intervention, and had not satisfied the court "by a preponderance of the evidence that there would be any defense ... if she were permitted to intervene." The judge heard no testimony, as distinct from representations of counsel, on whether Robinson was Burnett's tenant, and made no finding on that issue.

Robinson moved in writing to reconsider and made further representations. She had moved into the property in 1982 with her parents and agreed to pay half of the monthly mortgage payment and expenses as rent. When her mother died, her father moved out and Robinson remained there pursuant to the agreement, continuing to pay the property taxes, insurance, upkeep, and utilities after the mortgage was paid off. Later her father married Burnett, and Robinson entered into an "oral lease" with Burnett providing that she would still pay the foregoing expenses "as her rent."[1] Burnett meanwhile refinanced the property and then defaulted, resulting in the foreclosure. The trial judge denied the motion to reconsider.[2]

1. The participation, if any, of Robinson's father in this "oral lease" does not appear from the record.

## II.

SUPER.CT.CIV.R. 24(a) provides:

Upon timely application anyone shall be permitted to intervene in an action: (1) When applicable law confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

We have recognized that Rule 24(a) " 'should be liberally interpreted.' " *Vale Properties, Ltd. v. Canterbury Tales, Inc.,* 431 A.2d 11, 14 (D.C.1981) (citation omitted). Robinson claimed to be a tenant occupying a rental unit within the meaning of the Rental Housing Act (RHA), D.C.Code §§ 45–2501 *et seq.* (1996). If in fact she enjoyed that status, there can be no question that she "claimed an interest relating to the property ... which is the subject of the action." Rule 24(a)(2). In *Administrator of Veterans Affairs v. Valentine,* 490 A.2d 1165 (D.C.1985), this court held that the tenant of a defaulting mortgagor who remains in a rental unit after foreclosure is entitled to the protections of the RHA before she may be evicted. *See also Cormier v. McRae,* 609 A.2d 676, 679 (D.C.1992). We summarized those protections in *Valentine,* 490 A.2d at 1167, and need not repeat them here. *See* D.C.Code § 45–2551 (1996). If the RHA is applicable to Robinson, then the fact that she received a copy of the notice to quit directed to Burnett (as the trial judge found) does not deprive her of the statutory protections; any notice to Robinson would have to comply with the terms of § 45–2551.

2. Robinson appeals from this denial as well.

Moreover, on the same assumption of tenancy, it is obvious that disposition of the Bank's suit for possession would "as a practical matter impair or impede [Robinson's] ability to protect [her] interest" in the property, Rule 24(a): it would eliminate her tenancy. Further, Robinson's interest was not "adequately represented by existing parties," *id.* since Burnett never answered the suit for possession and the Bank's interest was to secure possession of the property.

In short, Robinson was entitled to intervene in the action provided that she made "timely application" to do so, a determination that lies "within the trial court's 'sound discretion.'" *Vale Properties,* 431 A.2d at 15. The trial judge found that Robinson had not moved to intervene in timely fashion. But that finding is vulnerable, first of all, because the judge mistakenly thought Robinson qualified only for permissive intervention, Rule 24(b), which may well have restricted the leeway he was disposed to give her in meeting the timeliness requirement. Relatedly, the judge concluded that Robinson had no "defense" to the possession suit, an erroneous conclusion in light of *Valentine* if in fact she was Burnett's tenant under the RHA. *See Teachey v. Carver,* 736 A.2d 998, 1004 (D.C.1999) ("An exercise of discretion must be founded upon correct legal standards."); *Johnson v. United States,* 398 A.2d 354, 365 (D.C.1979). Viewing the facts through the correct lens of a motion to intervene as of right, we think there can be only one answer to the question whether the motion was timely. Robinson moved to intervene just three months after the complaint for possession was filed. Since Burnett had not responded to the complaint, no proceedings had taken place that intervention would require repeating. *Compare Vale Properties,* 431 A.2d at 15 (intervention would have required "an especially wasteful and duplicative expenditure of judicial resources"). Further, the parties do not dispute that Robinson, on learning of the suit, had come to court at least twice and spoken with the Bank's attorney about her purchasing the house. Although the Bank eventually declined the request, these discussions resulted in continuance of the suit twice with the Bank's consent, on July 14 and August 4, 1998. According to the Bank's reply filed in this court to Robinson's emergency motion for a stay—the only submission the Bank has filed on appeal—the Bank did not tell Robinson until August 4 that she would not be offered the property for purchase. After retaining counsel, Robinson then moved to intervene less than a month later. All told, there is no suggestion in the record that Robinson slept on her rights before asserting her interest in the property.

We conclude, therefore, that the denial of the motion to intervene must be vacated and the case remanded for further proceedings. Critical to whether Robinson has any right to prevent eviction (or seek redress for wrongful eviction in the meantime)[3] is the determination whether she was a tenant within the meaning of the RHA, *see* D.C.Code § 45–1603(17). The Bank has also disputed whether she occupies a "rental unit" within the definition of the statute. *See id.* § 45–1603(16). The trial judge took no testimony and made no findings on either of these issues. A remand for consideration of these and any related issues is therefore necessary.

*Order Vacated and Case Remanded.*

---

3. It appears that a Writ of Restitution allowing the Bank possession of the premises was reissued on January 4, 1999, after this court denied a stay.