Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

Argued September 19, 2003      Decided November 14, 2003

No. 02-7104

MABEL S. JONES, INDIVIDUALLY, AS THE NEXT BEST FRIEND OF,
AND PERSONAL REPRESENTATIVE OF THE ESTATE OF
PRINCE CARMEN JONES JR.,
APPELLEE

v.

PRINCE GEORGE'S COUNTY, MARYLAND, ET AL.,
APPELLEES

PRINCE CARMEN JONES SR., INDIVIDUALLY AND AS CO-LEGAL
CUSTODIAN OF NINA AMAYYE EDEN CHI JONES, A MINOR, AND
CANDACE JACKSON, MOTHER AND NEXT FRIEND,
INDIVIDUALLY AND AS CO-LEGAL CUSTODIAN
OF NINA AMAYYE EDEN CHI JONES, A MINOR,
APPELLANTS

————

Appeal from the United States District Court
for the District of Columbia
(No. 00cv02902)

————

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

*Terrell N. Roberts III* argued the cause for appellants. With him on the brief was *Patrick Malone*.

*Gregory L. Lattimer* argued the cause for appellee Mabel S. Jones. With him on the brief was *Ted Williams*.

Before: HENDERSON, TATEL, and GARLAND, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* TATEL.

TATEL, *Circuit Judge*: In this case, we must decide whether the minor child of the victim of a fatal police shooting may intervene in a wrongful death action brought by the personal representative of the victim's estate. Although we disagree with the district court that the minor child must have an independent state-law cause of action in order to participate in this litigation, we agree with the court that the minor may not intervene as a matter of right because the personal representative adequately represents her interests. Accordingly, we affirm the district court's denial of the motion to intervene.

## I.

Late on an August night in 2000, two Prince George's County, Maryland police officers began searching for a man suspected of stealing a police pistol. Operating undercover, the officers drove separate unmarked cars and wore jeans and T-shirts to blend in with the drug underworld in which they worked. Their search led them into the District of Columbia and to a man behind the wheel of a black Jeep Cherokee. The officers followed the Jeep as it was driven from the District into Maryland, back through D.C., and ultimately into Virginia. Their pursuit ended with one of the officers firing sixteen shots from his semiautomatic weapon at the Jeep, killing its driver. The slain man was not the alleged gun thief evading police detection. He was Prince Carmen Jones Jr., a 25-year-old Howard University student on his way to Fairfax County, Virginia to visit his fiancée.

Jones's death spawned two separate lawsuits against the Prince George's County police department, one in the United States District Court for the District of Columbia—the case at issue here—and another in Maryland state court. In the former, Mabel Jones, Jones's mother and the personal representative of his estate (Mrs. Jones), filed suit individually and on behalf of Jones's estate against Prince George's County, the chief of the Prince George's County police department, and the two officers. Her complaint alleged claims under Virginia's wrongful death law, Maryland's survival statute, and 42 U.S.C. § 1983, among others. In the Maryland litigation, Candace Jackson, Jones's fiancée and the mother of his infant daughter, Nina, along with Prince Carmen Jones Sr., Jones's father (Jones Sr.), sued the same Prince George's County defendants alleging wrongful death, failure to train and supervise, and violations of the Maryland Constitution.

As these two suits got underway, each of the plaintiffs sought to intercede in the other action. Contending that only she, the personal representative of Jones's estate, was entitled to sue, Mrs. Jones moved to intervene in, and then dismiss, the Maryland suit. Finding that Jackson and Jones Sr. lacked standing to bring claims on Nina's behalf, the Maryland court dismissed their case. An appeal of that decision is now pending.

Additionally, Jackson, on behalf of Nina, and Jones Sr., for himself and on Nina's behalf, moved to intervene in Mrs. Jones's action in order to participate in the adjudication of Mrs. Jones's Virginia wrongful death claim. Both the magistrate judge and the district court denied their motion. Citing this court's precedent requiring prospective intervenors to have Article III standing, the district court concluded that because neither guardian was a proper plaintiff under Virginia's wrongful death statute, each lacked standing and therefore could not intervene in the pending litigation. *See Jones v. Prince George's County*, No. 00–2902, slip op. at 10–11 (D.D.C. Aug. 12, 2002) (citing *City of Cleveland, Ohio v. Nuclear Regulatory Comm'n*, 17 F.3d 1515, 1517 (D.C. Cir. 1994) (per curiam)).

Acting on Nina's behalf, Jackson and Jones Sr. now appeal. Because a district court's denial of a motion to intervene as of right disposes of the movant's interest, it is a final order that we may review immediately. *See, e.g.*, *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 732 (D.C. Cir. 2003).

## II.

Although the district court denied Nina's guardians' attempt to intervene under both Federal Rule of Civil Procedure 24(a) (intervention of right) and Rule 24(b) (permissive intervention), the only issue that Jackson and Jones Sr. raise in this appeal is Nina's motion to intervene as of right. Rule 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2).

In addition to satisfying the four elements of Rule 24—timeliness, interest, impairment of interest, and adequacy of representation—prospective intervenors in this circuit must possess standing under Article III of the Constitution. *See, e.g.*, *Fund for Animals*, 322 F.3d at 731–32; *City of Cleveland*, 17 F.3d at 1517. The parties argue that Nina's standing to intervene turns on whether she may bring a cause of action, a question they agree depends on whether Virginia or Maryland law applies to this case. Under both the Virginia and Maryland wrongful death statutes, a decedent's child may recover damages to compensate her for the loss she suffers as a consequence of her parent's death. *See* Md. Code Ann., Cts. & Jud. Proc. § 3–904(a)(1) (Michie 2002); Va. Code Ann. § 8.01–53(A) (Michie 2000 & Supp. 2003). Despite this similarity, Virginia and Maryland law differ on who can bring a wrongful death action. Under Virginia law, only the dece-

dent's personal representative may sue on behalf of the statutorily designated wrongful death beneficiary—here, Nina. *See* Va. Code Ann. § 8.01–50(B) (Michie 2000) ("Every [wrongful death claim] under this [statute] shall be brought by and in the name of the personal representative of [the] deceased person. . . ."). In contrast, Maryland law authorizes wrongful death beneficiaries to initiate suits on their own. *See Smith v. Borello*, 804 A.2d 1151, 1154 (Md. 2002).

Mrs. Jones insists that Virginia law applies and that because Nina's guardians may not bring a cause of action under Virginia law, they may not intervene here. Conversely, Nina argues that Maryland law applies and that she may therefore intervene in Mrs. Jones's suit. Staking their positions on this choice-of-law analysis, the parties wage their legal battle on the terrain of D.C. choice-of-law principles, the distinctions between "procedural" and "substantive" law, and the meaning of *lex loci delicti*, among other state-law issues.

We believe that the parties are looking at this question through the wrong analytical lens. In a motion to intervene under Rule 24(a)(2), the question is not whether the applicable law assigns the prospective intervenor a cause of action. Rather, the question is whether the individual may intervene in an already pending cause of action. *See Smuck v. Hobson*, 408 F.2d 175, 179 (D.C. Cir. 1969) (en banc) ("[I]n the context of intervention the question is not whether a lawsuit should be begun, but whether already initiated litigation should be extended to include additional parties."). As the Rule's plain text indicates, intervenors of right need only an "interest" in the litigation—not a "cause of action" or "permission to sue." *See* Fed. R. Civ. P. 24(a)(2). In *Trbovich v. United Mine Workers of America*, 404 U.S. 528 (1972), the Supreme Court concluded that the lack of a cause of action does not, in and of itself, bar a party from intervening. *Id.* at 537. There, the Court permitted a union member to intervene in a Labor-Management Reporting and Disclosure Act suit brought by the Secretary of Labor to set aside a union election even though that statute expressly prohibits union members from initiating such actions on their own. *Id.* at 530-31. According to the Court, the statute's "bare language," which makes

suit by the Secretary the "exclusive . . . remedy," did not, by itself, defeat the union member's right to participate in the pending case. *Id.* at 531-32 (citing 29 U.S.C. § 483); *see also Olden v. Hagerstown Cash Register, Inc.*, 619 F.2d 271, 274 (3d Cir. 1980) (per curiam) (assuming that the lack of a private right of action did not bar an insurer from intervening in a wrongful death action to protect its subrogation right). Therefore, contrary to the district court's reasoning and the parties' arguments here, the "bare language" of Virginia law does not per se deprive Nina of standing to intervene.

This then brings us to the question of whether Nina satisfies the standing requirements imposed by circuit precedent. *See, e.g.*, *City of Cleveland*, 17 F.3d at 1517. To be sure, we have noted that requiring prospective intervenors to establish Article III standing gives rise to several thorny issues—the most relevant for our purposes being the tension between requiring standing of prospective plaintiff-intervenors while at the same time finding Article III satisfied when only one party has standing. *See Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003) (citing *Watt v. Energy Action Found.*, 454 U.S. 151, 160 (1981)). We need not "dwell" on this issue, *id.*, however, because whether Virginia or Maryland law governs this dispute—a question we do not decide—Nina has a concrete and cognizable interest in this litigation that, under circuit precedent, satisfies Article III's demands. *Id.*; *cf. S. Christian Leadership Conference v. Kelley*, 747 F.2d 777, 779 (D.C. Cir. 1984) (stating that Article III's "gloss" on Rule 24 requires an intervenor to have a "legally protectable" interest). Nina clearly suffers from an injury that the Prince George's County defendants allegedly caused and that the requested relief would redress: the shooting deprived Nina of her father's financial and emotional support, the shooting indisputably caused her loss, and a favorable decision would remedy this injury. Nina thus has standing to participate in this suit.

We turn next to whether Nina satisfies the requirements for intervention of right under Rule 24(a)(2): timeliness, interest, impairment of interest, and adequacy of representation. We can easily dispose of the first two elements. Mrs.

Jones concedes that Nina's guardians timely filed their motion to intervene, and because Nina has suffered a cognizable injury sufficient to establish Article III standing, she also has the requisite interest under Rule 24(a)(2). *See Fund for Animals*, 322 F.3d at 735; *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1076 (D.C. Cir. 1998) (observing that satisfying constitutional standing requirements demonstrates the existence of a legally protected interest for purposes of Rule 24(a)).

This leaves Rule 24(a)(2)'s third and fourth requirements. Nina argues that the present litigation will impair her interest by virtue of its potential res judicata effect on her Maryland wrongful death claim. We need not address this argument, however, for we agree with the district court that Nina's motion fails Rule 24(a)(2)'s fourth element—adequacy of representation—and Nina must satisfy all four elements of the Rule in order to intervene as of right. *See Bldg. & Constr. Trades Dep't, AFL-CIO v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994).

Both the magistrate judge and the district court found that Nina's guardians failed to demonstrate that Mrs. Jones inadequately represents her granddaughter's interests. The magistrate judge concluded that Mrs. Jones's fiduciary duty to Nina as the personal representative of Jones's estate sufficed to show adequacy. *See Jones v. Prince George's County*, 202 F.R.D. 39, 42 (D.D.C. 2001). The district court likewise noted that "the movants have failed to show that any interests they may have are inadequately represented in this case." *Jones*, No. 00–2902, slip op. at 13. Nina's guardians challenge this conclusion on two grounds.

First, Nina's guardians contend that Mrs. Jones's interests do not coincide with Nina's. In their view, because the case caption indicates that Mrs. Jones is suing "individually" and in her representative capacity, she could pursue her own, potentially conflicting agenda at Nina's expense. At oral argument, however, counsel for Mrs. Jones assured us that Mrs. Jones has affirmatively disavowed any financial interest in this litigation. Even more significantly, Mrs. Jones pursues her state wrongful death action, the only claim in which

Nina seeks to participate, in her capacity as Nina's trustee or fiduciary. *See Semler v. Psychiatric Inst. of Wash., D.C., Inc.*, 575 F.2d 922, 925 (D.C. Cir. 1978) (explaining that in a Virginia wrongful death action, "'the personal representative of the deceased sues primarily as trustee for certain statutory beneficiaries . . .'" (quoting *Wilson v. Whittaker*, 154 S.E.2d 124, 128 (Va. 1967))); Va. Code Ann. § 26–59(A) (Michie 2001) (listing a decedent's personal representative as a type of fiduciary). Indeed, even if Mrs. Jones were motivated by her own financial gain despite her promise to the contrary and her obligations as personal representative, she would have no way to pursue it at Nina's expense, for under Virginia law Mrs. Jones may not recover for her son's wrongful death. *See* Va. Code Ann. § 8.01–53(A) (providing that a decedent's parents are entitled to wrongful death damages only if the decedent has no child). Because Mrs. Jones acts as Nina's surrogate in the pending wrongful death action, the interests of Mrs. Jones as trustee and Nina as beneficiary are perfectly congruent.

Second, Nina claims that Mrs. Jones has made a series of strategic blunders that demonstrate her inadequate representation. Specifically, Nina asserts that Mrs. Jones filed suit in an inappropriate forum, advanced a disadvantageous choice-of-law position, and failed to bring a state-law claim that would have enhanced the estate's recovery. Nina's guardians also fault Mrs. Jones for refusing to cooperate with their attorneys. Although an existing party who is ineffectual, incompetent, or unwilling to raise claims or arguments that would benefit the putative intervenor may qualify as an inadequate representative in some cases, this is not such a case. The alleged inadequacies here amount to little more than quibbles over litigation tactics. "A mere difference of opinion concerning the tactics with which litigation should be handled does not make inadequate the representation of those whose interests are identical with that of an existing party or who are formally represented in the lawsuit." 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1909, at 344 (2d ed. 1986). Nina's guardians also argue that Mrs. Jones is an inadequate representative because she failed to bring a wrongful death action

under Maryland law, the claim they hope to pursue in the Maryland court. At the same time, however, Nina's guardians contend that Mrs. Jones's Virginia wrongful death action, the only claim in which they seek to participate here, would yield the same wrongful death damages as their Maryland wrongful death claim. In other words, Nina's guardians effectively concede that Nina has no substantive right to a wrongful death recovery that Mrs. Jones is failing to protect. Therefore, their disagreement over Mrs. Jones's choice of law boils down to just another dispute over litigation tactics. "If disagreement with an existing party over trial strategy qualified as inadequate representation, the requirement of Rule 24 would have no meaning." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 181 (2d Cir. 2001); *see also Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 781 (D.C. Cir. 1997) ("[W]e do not think representation is inadequate just because a would-be intervenor is unable to free-ride as far as it might wish—a well-nigh universal complaint.").

Finally, even if, as Nina's guardians contend, Mrs. Jones's counsel has refused to cooperate or share information with Nina's lawyers—a point that Mrs. Jones disputes—this alleged deficiency says little about Mrs. Jones's representative adequacy for purposes of Rule 24(a)(2). Indeed, we cannot imagine why an existing party would bear such an obligation to a prospective intervenor. Not surprisingly, Nina's counsel has pointed to no case, nor have we found one, in which an existing party was deemed inadequate on such grounds.

The district court's denial of the motion to intervene is affirmed.

*So ordered.*