Dawn Reed JONES, Appellant,

v.

Gwendolyne Y. FONDUFE, Eddie Reed, Estate of Bernard Njovens, Appellees.

No. 04-CV-799.

District of Columbia Court of Appeals.

Argued Nov. 10, 2005.
Decided Oct. 5, 2006.

---

Gregory L. Lattimer, Washington, for appellant.

Richard E. Jordan, Washington, for appellee Gwendolyne Y. Fondufe.

Barton D. Moorstein for appellee Eddie Reed.

Roy Baldwin, pro se, for Estate of Bernard Njovens.*

Before RUIZ, Associate Judge, and BELSON and TERRY,** Senior Judges.

RUIZ, Associate Judge:

■ Underlying this appeal is a wrongful death and survival action brought regarding an automobile crash that killed both Edward L. Reed and Bernard Njovens. Suit was brought by Mr. Reed's father, appellee Eddie Reed, against Mr. Njovens's estate and his widow, Gwendolyne Y. Fondufe. Appellant, Dawn Reed

Jones, who is the deceased Mr. Reed's mother (and appellee Eddie Reed's ex-wife), moved to intervene on plaintiff's side, claiming that she and her ex-husband were in potential conflict with regard to the distribution of any monetary damages. We conclude that in denying the motion to intervene, the trial judge made an error of law in applying the law as to the wrongful death claims, and hold that appellant's proffer was sufficient to meet our rather solicitous standard for third-party intervention as of right. Therefore, we reverse the trial court's denial of appellant's motion to intervene and remand for further proceedings in the underlying case.[1]

## I.

■ In interpreting Superior Court rules, we apply the broad goal "to facilitate a proper decision on the merits." *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *quoted in Turcios v. United States Servs. Indus.,* 680 A.2d 1023, 1026 (D.C.1996). The Superior Court rule on intervention as of right states provides:

> Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Super. Ct. Civ. R. 24(a), (a)(2). The rule clearly establishes four "factors that a trial

---

* No brief was filed with the court on behalf of the Estate, and the executor did not present oral argument.

** Judge Terry was an Associate Judge of the court at the time the case was argued. His status changed to Senior Judge on February 1, 2006.

1. The denial of a motion to intervene as of right is an appealable final order. *See Vale Props., Ltd. v. Canterbury Tales, Inc.,* 431 A.2d 11, 14 (D.C.1981). The parties have not provided us with any documents showing that the case has been stayed pending appeal; however, appellee's brief implies that the case has been stayed.

court must consider in determining whether to grant or deny a motion to intervene," *McPherson v. Dist. of Columbia Hous. Auth.*, 833 A.2d 991, 994 (D.C.2003), "timeliness, interest, impairment of interest, and adequacy of representation." *Jones v. Prince George's County*, 358 U.S.App. D.C. 276, 279, 348 F.3d 1014, 1017 (2003).[2] The language of the rule is mandatory: a motion to intervene that meets these four criteria "*shall* be permitted," "*unless* the applicant's interest is adequately represented by existing parties." Super. Ct. Civ. R. 24(a), (a)(2) (emphasis added). Thus, we have adopted a "broad reading" of the word "interest" because it is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *McPherson*, 833 A.2d at 994 (quoting *Calvin–Humphrey v. District of Columbia*, 340 A.2d 795, 799 (D.C.1975) (quoting *Nuesse v. Camp*, 128 U.S.App. D.C. 172, 178, 385 F.2d 694, 700 (1967))). In this case, the trial court summarily denied appellant's motion, ruling in part:

The court has no reason to believe that movant's interest in this matter will not be adequately represented by plaintiff Eddie Reed. D.C.Code § 19–308 provides, "When the intestate leaves no child, or descendant, the whole is divided equally between the father and mother of the survivor." As plaintiff points out, the personal representative has a fiduciary obligation to interested persons, specifically decedent's mother, and *he must distribute the assets of the estate in accordance with District of Columbia law. Under the law, plaintiff has no choice but to divide the assets equally.* Moreover, if defendant believes that plaintiff has not adequately protected the interests of the estate, she is free to bring a claim against the personal representative for breach of fiduciary duty.

(Emphasis added.) In denying the motion, the trial court did not address the timeliness of appellant's request to intervene nor her interest. Therefore, "[i]n the [absence of] facts . . . we can perceive no ground for denying [appellant] intervention as of right," under the timeliness[3] or interest[4]

---

**2.** "[W]hen a local rule and a federal rule are identical, we may look to federal court decisions interpreting the federal rule as persuasive authority in interpreting the local rule." *Goldkind v. Snider Bros., Inc.*, 467 A.2d 468, 472 (D.C.1983). The D.C. and Federal rules on intervention of right are substantially identical. *Compare* Super. Ct. Civ. R. 24(a) *with* Fed.R.Civ.P. 24(a).

**3.** We note that appellee filed the complaint on October 3, 2003, and that appellant's motion to intervene was filed on April 28, 2004. As there was no hearing on appellant's motion, there has been no fact-finding on how or when appellant became aware of appellee's filing of the lawsuit. *See generally Fund for Animals, Inc. v. Norton*, 355 U.S.App. D.C. 268, 275, 322 F.3d 728, 735 (2003) (finding that motion to intervene filed within two months of complaint and before answer was timely).

**4.** Although the trial court did not address the nature of appellant's interest, we note that

In a motion to intervene under Rule 24(a)(2), the question is not whether the applicable law assigns the prospective intervenor a cause of action. Rather, the question is whether the individual may intervene in an already pending cause of action. . . . As the Rule's plain text indicates, intervenors of right need only an "interest" in the litigation—not a "cause of action" or "permission to sue."

*Jones*, 358 U.S.App. D.C. at 279–80, 348 F.3d at 1017–18 (internal citation omitted). Therefore, even though wrongful death actions must be "brought by and in the name of the personal representative of the deceased," D.C.Code § 16–2702 (2001), the question of who is the personal representative of the decedent's estate-as well as the outcome of the challenge that appellant claims is "currently pending before the Probate Division" regarding that appointment (which appellee claims

factors. *McPherson*, 833 A.2d at 995 (quoting *Mokhiber v. Davis*, 537 A.2d 1100, 1114 (D.C.1988)).

■ The trial court relied on its understanding that under D.C. law, Eddie Reed, as representative of their son's estate, was bound to share any recovery with appellant in equal parts. This might be the case with regard to the survival action brought on behalf of the son's estate, since "all such cases[] survive[] in favor of ... the legal representative of the deceased," D.C.Code § 12–101 (2001) and if the decedent is intestate and has no surviving children or spouse, the parents share equally in any award to the estate. *See* D.C.Code § 19–308 (2001). The statutes pertaining to an action for wrongful death, however, clearly contemplate that any recovery is not an asset of the estate, *see Strother v. District of Columbia*, 372 A.2d 1291, 1296 n. 10 (D.C.1977), and that the jury should hear evidence specific to each surviving next-of-kin and may unequally allocate its verdict. While damages in survival actions are assessed with reference to their effect on the deceased, in wrongful death actions "damages shall be assessed with reference to the injury ... to ... the next of kin of the deceased person." D.C.Code § 16–2701 (2001). Damages for wrongful death are awarded according to distribution statutes only as a default, however, and the preferred method is to distribute among the "next of kin according to the allocation made by the verdict or judgment." D.C.Code § 16–2703 (2001). Decisions about the evidence to be presented at trial and the manner in which the case is presented to the jury, therefore, would have a bearing on the damages accruing to a party. Since both parents asserted a wrongful death claim in this case, the trial court erred as a matter of law in not finding it possible that their interests might diverge based on the incorrect assumption that any possible recovery would be by the estate. *Cf. Jones*, 358 U.S.App. D.C. at 281, 348 F.3d at 1019 (finding no right to intervene where the plaintiff's and potential intervenor's interests were "perfectly congruent").

The possibility of a divergence of interests, leading to further litigation, seems especially likely in this case, where both parents have cited, as the trial court commented, a history of "acrimonious relations." [5] In the underlying litigation—and contrary to the trial court's observation that "the court has no reason to believe that [appellee Reed] will not adequately represent [appellant's] interests in this matter"—there were indications that this acrimony may have influenced appellee's conduct of the litigation to appellant's detriment. For example, even after appellant filed her motion to intervene, appellee Reed filed a second amended complaint in which he identified himself as a claimant in the wrongful death cause of action, but did not specifically identify appellant, referring instead to unspecified "others." *See id.* at 281–82, 348 F.3d at 1019–20 (noting that "unwilling[ness] to raise claims or arguments that would benefit the putative intervenor may qualify as an inadequate representative in some cases"). Appellant, therefore, met her "minimal" burden to show that appellee Reed's representation of her interests "may be" inadequate. *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972).

has been settled in his favor)—is not dispositive of appellant's motion to intervene.

**5.** In his opposition to appellant's motion to intervene, appellee Reed represented that "neither the Personal Representative (appellee Reed) nor Movant (appellant) are able to agree and communicate regarding almost any issue." He argued, however, that such a state of affairs would lead to "judicial inefficiency and logistical nightmares" if appellant were permitted to intervene.

We are not persuaded by the trial court's reasoning that appellant's interests would not be impaired if she does not participate in the trial because "she is free to bring a claim against the personal representative for breach of fiduciary duty." In light of the purpose of the rule, we agree that "[i]t is not enough to deny intervention under 24(a)(2) because applicants may vindicate their interests in some later, albeit more burdensome, litigation." *Fund for Animals, Inc.*, 355 U.S.App. D.C. at 275, 322 F.3d at 735 (quoting *Natural Res. Def. Council v. Costle*, 183 U.S.App. D.C. 11, 17, 561 F.2d 904, 910 (1977).

Accordingly, we hold that appellant has the right to intervene for the purpose of arguing and presenting evidence of the damages peculiar to her resulting from her son's death. *See Jones*, 358 U.S.App.D.C. at 281–82, 348 F.3d at 1019–20 (differentiating between tactical disputes and the right "to raise claims or arguments").[6]

*Reversed and Remanded.*

---

6. Because we hold that appellant has the right to intervene under Rule 24(a), we do not address the trial court's denial of her request for permissive intervention under Rule 24(b).