Filed 8/22/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ASHLEY KING, as Personal Representative, etc., | |
|     Plaintiff and Respondent, | |
| v. | A163843 |
| PACIFIC GAS AND ELECTRIC COMPANY, et al., | (City and County of San Francisco Super. Ct. No. CGC20587976) |
|     Defendants and Respondents; | |
| ERICA MARTINEZ WASDIN, | |
|     Movant and Appellant. | |

We are asked to decide whether an heir[1] is categorically precluded from intervening as a matter of right (Code Civ. Proc.,[2] § 387, subd. (d)(1)(B)) in a pending lawsuit filed by the personal representative of the decedent's estate to recover damages for wrongful death (§§ 377.60–377.62).  We find there is no such blanket prohibition, and an heir must be granted leave to intervene as a matter of right so long as the statutory requirements for intervention have been met.

---

[1]    "Heir," as used in this opinion, means a statutorily designated person entitled to assert a cause of action for wrongful death.  (Code Civ. Proc., §§ 377.60, 377.61.)

[2]    All further undesignated statutory references are to the Code of Civil Procedure.

1

Here, the trial court denied the motion to intervene on the incorrect basis that there was no legal authority allowing an heir to intervene in a wrongful death action filed by the decedent estate's personal representative and the trial court failed to consider whether the heir's interests were adequately represented by the personal representative. We shall reverse and remand with directions to the trial court to reconsider the motion to intervene.

## FACTUAL AND PROCEDURAL BACKGROUND

Movant and appellant Erica Martinez Wasdin (Wasdin) is the surviving spouse of the decedent, Jimmy Wasdin. Plaintiff and respondent Ashley King is the decedent's former spouse and mother of his minor child.

On June 2, 2020, Jimmy Wasdin was killed in a helicopter crash near Fairfield, California. He left as his sole heirs Wasdin (his surviving wife) and his minor child with King. At the time of his death, the decedent and King were both residents of Alabama. On November 2, 2020, an Alabama probate court issued letters of administration, naming King as the personal representative of the decedent's estate.

On November 4, 2020, King, as personal representative, filed this California action against defendants and respondents Pacific Gas and Electric Company and PJ Helicopters, Inc. The complaint alleges one cause of action for wrongful death on behalf of the heirs and seeks to recover damages on their behalf for loss of the decedent's care, comfort, society, services, support, and love.

On September 9, 2021, Wasdin filed a motion to intervene as a matter of right (mandatory intervention) pursuant to section 387, subdivision (d)(1)(B), which provides, in pertinent part, that a court "shall, upon timely application, permit a nonparty to intervene" in an action if "[t]he

2

person seeking intervention claims an interest relating to the property or transaction that is the subject of the action and that person is so situated that the disposition of the action may impair or impede that person's ability to protect that interest, unless that person's interest is adequately represented by one or more of the existing parties." (*Ibid.*)

In support of her motion, Wasdin addressed the four elements required to support mandatory intervention: (1) timeliness; (2) her interest related to the subject action; (3) the impairment of her interest if intervention was denied; and (4) the inadequacy of King's representation of her (Wasdin's) interest. Among other arguments in opposition, King asserted the one-action rule – which precludes an heir from filing an independent action after a decedent's personal representative has filed a cause of action for wrongful death – barred Wasdin's ability to intervene. King also asserted that any complaints about the inadequacy of her representation of Wasdin's interest in the wrongful death action should be addressed by the Alabama probate court that appointed King as personal representative.

The trial court denied Wasdin's motion to intervene:

> Wasdin cites no statutory or case authority supporting her contention that an heir should be permitted to intervene in a wrongful death action brought by the personal representative. Her position is irreconcilable with the principles that a wrongful death action is "wholly statutory in origin" and that "the right to bring such an action is limited to those persons identified" in the wrongful death statute, Code of Civil Procedure section 377.60. (*Stennett v. Miller* (2019) 34 Cal.App.5th 284, 290.) Under section 377.60, "[e]ither the decedent's personal representative on behalf of the heirs or the specified heirs . . . may assert the wrongful death claim – but not both." (*Adams v. Superior Court* (2011) 196 Cal.App.4th 71, 77.) Any concerns regarding the adequacy of Plaintiff Ashley King to serve as the personal representative of decedent's estate representing all of decedent's heirs, including Wasdin, must be directed to the Alabama probate court that appointed her.

3

Wasdin appealed.  (See *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736 [person who is denied the right to intervene in an action "may appeal from the order denying intervention"]; *Noya v. A.W. Coulter Trucking* (2006) 143 Cal.App.4th 838, 841 ["[a]n order denying a motion to intervene is appealable when it finally and adversely determines the right of the moving party to proceed in the action"].)

DISCUSSION

**I.	Applicable Law**

*a.	Intervention*

Our Code of Civil Procedure describes the concept of intervention as follows:  "An intervention takes place when a nonparty, deemed an [intervener], becomes a party to an action or proceeding between other persons by doing any of the following: (1) Joining a plaintiff in claiming what is sought by the complaint; (2) Uniting with a defendant in resisting the claims of a plaintiff. (3) Demanding anything adverse to both a plaintiff and a defendant."  (§ 387, subd. (b).)  The "language strongly suggests that an intervention under the Code of Civil Procedure is not to be treated as a separate action, but rather is viewed as coming within the original, main action.  This analysis is consistent with our Supreme Court's observation in *Belt Casualty Co. v. Furman* (1933) 218 Cal. 359, 362 . . . , that the main purpose of intervention is 'to obviate delay and multiplicity of actions by creating an opportunity to those directly interested in the subject matter to join *in an action already instituted.*' "  (*Rhode v. National Medical Hosp.* (1979) 93 Cal.App.3d 528, 537 (*Rhode*), original italics.)

Section 387 allows for both permissive (subd. (d)(2)) and mandatory intervention (subd. (d)(1)).  At issue in the case before us is solely mandatory intervention:  the trial court "*shall*, upon timely application, permit a

4

nonparty to intervene in the action or proceeding" if the "[t]he person seeking intervention claims an interest relating to the property or transaction that is the subject of the action and that person is so situated that the disposition of the action may impair or impede that person's ability to protect that interest, unless that person's interest is adequately represented by one or more of the existing parties." (§ 387, subd. (d)(1)(B), italics added.)

Section 387, subdivision (d)(1)(B) is in substance the exact counterpart to rule 24(a) of the Federal Rules of Civil Procedure (28 U.S.C.): "On timely motion, the court must permit anyone to intervene who: [¶] . . . [¶] (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." (*Id.*, adopted Apr. 30, 2007, eff. Dec. 1, 2007.) Hence "[i]n assessing [the] requirements" for mandatory intervention, "we may take guidance from federal law." (*Edwards v. Heartland Payment Systems, Inc.* (2018) 29 Cal.App.5th 725, 732.)

In evaluating a movant's entitlement to mandatory intervention, "the threshold question is whether the person seeking intervention has 'an interest relating to the *property* [*or*] *transaction* which is the subject of the action.' [Citation.] . . . [¶] In addition to demonstrating an interest in the property or transaction that is the subject of the action, a person seeking intervention must also show that he or she 'is so situated that the disposition of the action may as a practical matter impair or impede that person's ability to protect that interest. [Citations.] Once this showing is made, the court must permit the person to intervene unless the 'person's interest is adequately represented by existing parties.' " (*Siena Court Homeowners Assn. v. Green Valley Corp.* (2008) 164 Cal.App.4th 1416, 1423–1424, original

5

italics.)  If a movant meets the requirements for mandatory intervention, "the fact that such intervention would add to the complexity of the action, create delay or adversely affect the original parties is of no moment."  (*California Physicians' Service v. Superior Court* (1980) 102 Cal.App.3d 91, 96.)

>    **b.**    ***Wrongful Death Cause of Action***

"Wrongful death actions are statutory in nature and governed by the Code of Civil Procedure.  Section 377.60 establishes a cause of action in favor of specified heirs of a person whose death is 'caused by the wrongful act or neglect of another.'  The damages that may be awarded in a wrongful death action are those that, 'under all the circumstances of the case, may be just.'  (§ 377.61.)"  (*Corder v. Corder* (2007) 41 Cal.4th 644, 651, fn. omitted (*Corder*).)

In *Estate of Riccomi* (1921) 185 Cal. 458 (*Riccomi*), our high court construed former section 377, which contained the same language as now appears in sections 377.60 and 337.61.  "It is settled that the action authorized by the section is one *solely* for the benefit of the heirs by which they *may be compensated for the pecuniary loss suffered by them* by reason of the loss of their relatives.  The money recovered constitutes no part of the estate of deceased, and where the action is brought or the money recovered by the personal representative of the deceased, such personal representative is acting solely as a statutory trustee for the benefit of the heirs on account of whom the recovery is had.  [Citations.] . . .  [¶]  While there can be but one action brought or one recovery had either by the personal representative of the deceased or the heirs [citation], and while the recovery in such action should be of a single 'lump sum' for all [citation], the total recovery to be had is the aggregate of the *pecuniary loss of each of the heirs who has suffered a pecuniary loss* by reason of the death of the deceased. . . .  It is the *pecuniary*

6

*loss* to an heir by reason of the death that is recoverable, and that only." (*Riccomi, supra,* at pp. 460–461, original italics.)

While the courts have made statements "to the effect that a wrongful death action is 'a joint one' or 'a joint one, a single one, and an indivisible one" (*Cross v. Pacific Gas & Elec. Co.* (1964) 60 Cal.2d 690, 693 (*Cross*)), "[a] general statement of legal principle can seldom contain all the qualifications and exceptions that arise in the factual combinations and permutations of litigation." (*Perkins v. Robertson* (1956) 140 Cal.App.2d 536, 542–543 (*Perkins*).) "In stating that an action for wrongful death is joint, it is meant that all heirs should join or be joined in the action and that a single verdict should be rendered for all recoverable damages; when it is said that the action is single, it is meant that only one action for wrongful death may be brought whether, in fact, it is instituted by all or only one of the heirs, or by the personal representative of the decedent as statutory trustee for the heirs; and when it is said that the action is indivisible, it is meant that there cannot be a series of suits by heirs against the tortfeasor for their individual damages." (*Cross, supra,* 41 Cal.4th at p. 694, citing *Perkins, supra,* 140 Cal.App.2d at p. 543.)

Because damages awarded in a wrongful death action are in the nature of compensation for personal injury to the heirs (*McKinney v. California Portland Cement Co.* (2002) 96 Cal.App.4th 1214, 1231–1232), each heir "is entitled to recover damages for his own pecuniary loss, which may include (1) the loss of the decedent's financial support, services, training and advice, and (2) the pecuniary value of the decedent's society and companionship – but he may *not* recover for such things as the grief or sorrow attendant upon the death of a loved one, or for his sad emotions, or for the sentimental value of the loss." (*Nelson v. County of Los Angeles* (2003) 113 Cal.App.4th 783, 793,

original italics; see § 377.61.)  Accordingly, " 'the court or jury must compute damages, if any, by considering the pecuniary damage suffered by all the heirs and return a verdict for *one sum*.' [Citations.]  In view of the lump-sum nature of wrongful death awards, section 377.61 provides:  'The court shall determine the respective rights in an award of the persons entitled to assert the cause of action.' "  (*Corder*, *supra*, 41 Cal.4th at p. 652, original italics.)

## II. Analysis

### a. Trial Court Erred in Finding No Legal Authority Allowing Heir's Intervention in Wrongful Death Action Filed by Personal Representative

In denying the motion to intervene, the court found, in part, that there is neither statutory nor case law allowing an heir to intervene in a wrongful death action filed by a personal representative.  This was error.  Wasdin (an heir) is entitled to intervene as a matter of right in the pending wrongful death action filed by King (personal representative) so long as Wasdin meets the statutory requirements for mandatory intervention set forth in section 387, subdivision (d)(1)(B).

As always, we begin with the statutory language.  "In statutory construction cases, our fundamental task is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute[s].  [Citation.]  'We begin by examining the statutory language, giving the words their usual and ordinary meaning.'  [Citations.]  If the terms of the statute[s] are unambiguous, we presume the lawmakers meant what they said, and the plain meaning of the language governs.  [Citations.]"  (*Estate of Griswold* (2001) 25 Cal.4th 904, 910–911 (*Griswold*).)  " 'An exception exists to the plain meaning rule.  A court is not required to follow the plain meaning of a statute when to do so would frustrate the manifest purpose of the legislation as a whole or otherwise lead to absurd results.'  [Citations.]  'However, the

8

absurdity exception requires much more than showing that troubling consequences may potentially result if the statute's plain meaning were followed or that a different approach would have been wiser or better.' [Citation.] 'Moreover, our courts have wisely cautioned that the absurdity exception to the plain meaning rule "should be used most sparingly by the judiciary and only in extreme cases else we violate the separation of powers principle of government. [Citation.] We do not sit as a 'super legislature.' " ' " (*Myers v. Superior Court* (2022) 78 Cal.App.5th 1127, 1137.)

We see nothing in the statutes governing intervention and wrongful death actions that expressly prohibits an heir from intervening in a wrongful death action filed by a personal representative. The statutory language in section 387 "does not limit the right to intervene to any particular kind or class of actions or proceedings, but is general." (*Robinson v. Crescent City Mill & Transportation Co.* (1892) 93 Cal. 316, 319; see also *Cohn v. County Board of Supervisors* (1955) 135 Cal.App.2d 180, 184 ["[a]ny person who is a real party in interest may intervene in any type of action or proceeding"].)

Similarly, the wrongful death statute does not set any limitation on intervention in an action for wrongful death filed by the personal representative. While the Legislature designates the persons that may file a cause of action for wrongful death, the statute does not discuss, let alone expressly prohibit, intervention. The Legislature could have easily barred intervention by an heir if an action were filed by a personal representative, but it did not do so. "We may not, under the guise of construction, rewrite the law or give the words an effect different from the plain and direct import of the terms used." (*California Fed. Savings & Loan Assn. v. City of Los Angeles* (1995) 11 Cal.4th 342, 349.) Nor may we, under the guise of

9

interpretation, insert a qualifying provision not included in the statute. (*Griswold*, *supra*, 25 Cal.4th at p. 917.)

The trial court, as well as King, have evaluated the motion to intervene "through the wrong analytical lens." (*Jones v. Prince George's County* (D.C. Cir. 2003) 348 F.3d. 1014, 1017 (*Jones*).) In so doing, they have relied on the inapposite case of *Adams v. Superior Court, supra,* 196 Cal.App.4th 71, in which the court notes the general premise that either the personal representative *or* heirs may assert a wrongful death claim but includes no analysis of whether an heir may ever intervene in such an action brought by the representative. (*Id.* at p. 75 [holding trial court erred in abating wrongful death cause of action on the basis that personal representative of the estate failed to join all known heirs].)

In deciding the motion to intervene, the question is not whether Wasdin can pursue a cause of action for wrongful death, but whether she is entitled to intervene as a matter of right in the pending wrongful death action filed by King. (See *Smuck v. Hobson* (D.C. Cir. 1969) 408 F.2d 175, 179 ["in the context of intervention the question is . . . whether already initiated litigation should be extended to include additional parties"].) As section 387's plain text indicates, potential intervenors as a matter of right must show "only an 'interest' in the litigation – not a 'cause of action' or 'permission to sue.' " (*Jones*, *supra*, 348 F.3d. at p. 1018 [citing Fed. Rules Civ. Proc., rule 24(a)(2), 28 U.S.C.]; see *Purnell v. Akron* (6th Cir. 1991) 925 F.2d 941, 948 (*Purnell*) ["a party seeking to intervene need not possess the standing necessary to initiate a lawsuit"]; see also *Rhode, supra,* 93 Cal.App.3d at p. 538 [intervention does not create a separate cause of action as "an [intervenor] joining on the side of a plaintiff does so in subordination to the plaintiff's right to control"].)

10

Our conclusion is supported by *Trbovich v. United Mine Workers of America* (1972) 404 U.S. 528, in which the United States Supreme Court allowed a union member to intervene under Federal Rule 24 in a Labor-Management Reporting and Disclosure Act (LMRDA) lawsuit filed by the Secretary of Labor to set aside a union election, even though the LMRDA "expressly stripped union members of any right to challenge a union election in the courts, and gave that right exclusively to the Secretary." (*Id.* at pp. 529–530.)  In so concluding, the court found the LMDRA's "bare language" (making suit by the Secretary the "exclusive" post-election remedy and prohibiting union members from initiating a private suit to set aside an election), by itself, did not defect the union member's request "to participate in a pending suit that is plainly authorized by the statute." (*Id.* at pp. 531–532.)

Our case law recognizes that the purpose of the "one-action" rule is to provide defendants the ability to resolve a cause of action for wrongful death in one litigation subject to one judgment for lump-sum damages to be shared by all heirs.  (See *Cross*, *supra,* 60 Cal.2d at p. 693; *Riccomi*, *supra*, 185 Cal. at pp. 460–461; *Perkins*, *supra*, 140 Cal.App.2d at p. 543.)  Allowing an heir to participate after satisfying the statutory requirements for mandatory intervention does not do violence to the purpose of the judicially-created "one action" rule – defendants will still be defending a single cause of action for wrongful action in one litigation and will still be subject to one judgment binding against all parties entitled to recover damages under the statute.

We therefore conclude that reversal and remand is required to allow the trial court to reconsider Wasdin's motion to intervene.  Even though there is to be only one wrongful death action, filed by either an heir or heirs or a personal representative on behalf of all heirs, any prohibition on Wasdin's

11

right to pursue a separate wrongful death action "is not dispositive of [her] motion to intervene" in the pending lawsuit filed by King. (*Jones v. Fondufe* (D.C. Ct.App. 2006) 908 A.2d 1161, 1163, fn. 4.) On remand, in deciding the motion to intervene, the trial court will have the opportunity to analyze whether Wasdin has met the statutory requirements for intervention as a matter of right under section 387, subdivision (d)(1)(B).

**b.** ***Trial Court Erred in Denying Intervention on Basis that Wasdin's Complaints Against Personal Representative Must Be Pursued in Alabama Probate Court***

The trial court also denied intervention on the basis that Wasdin must pursue her complaints about the inadequacy of King's representation in the California wrongful death action in the Alabama probate court that appointed King personal representative. As explained below, King's appointment as personal representative by another state's court does not relieve the California trial court adjudicating the wrongful death action from its responsibility to ascertain whether a potential intervenor is entitled to intervene as a matter of right.

In deciding whether a movant is entitled to intervention as a matter of right, the issue is whether an existing party is adequately representing the potential intervenor's interests in the filed lawsuit, without consideration of whether those interests may be protected by pursuing separate litigation in another court. (*Hodge v. Kirkpatrick Development, Inc.* (2005) 130 Cal.App.4th 540, 555; see *Elms v. Elms* (1935) 4 Cal.2d 681, 684 [recognizing a nonparty's right to intervene in a divorce action even though its interests could be protected in separate litigation].)

As explained by the California Supreme Court, a movant is entitled to seek intervention if the movant " 'has an interest in the matter in litigation, or in the success of either of the parties;' " "[t]he fact that the [intervenor]

12

may or may not protect that interest in some other way is not material." (*Coffey v. Greenfield* (1880) 55 Cal. 382, 383; see also *Purnell, supra,* 925 F.2d. at p. 950 [beneficiary granted right to intervene in wrongful death action as her ability to later challenge award of wrongful death proceeds or breach of the personal representative's fiduciary duty "do[es] not provide adequate protection" for "obvious reasons" including the inability to present evidence to the jury determining the amount of the wrongful death award and the risk that the administrator would have already disbursed any such award]; *Schoenborn v. Washington Metropolitan Area Transit Authority* (D.C. Cir. 2007) 247 F.R.D. 5, 7, 8–9 [following the death of her mother, appellant daughter was entitled to intervene as of right in a pending wrongful death cause of action filed by her step-father, as personal representative of decedent's estate, even though daughter "may be able to challenge an award in probate court or by suing the [personal representative] for breaching his fiduciary duty," as "these post-hoc remedies provide insufficient protection, due to the difficulty in obtaining such relief;" "the court acknowledges the convenience to [the appellant] in intervening at this stage of the proceedings and the potential conservation of scarce judicial resources by foregoing the need for future litigation"]; *Jones v. Fondufe, supra,* 908 A.2d at p. 1165 [appellate court granted beneficiary's right to intervene in wrongful death action, rejecting "the trial court's reasoning that [the beneficiary's] interests would not be impaired if she does not participate in the trial because 'she is free to bring a claim against the personal representative for breach of fiduciary duty;' " "[i]n light of the purpose of the [intervention] rule, we agree that '[i]t is not enough to deny intervention under [Federal Rule] 24(a)(2) because applicants may vindicate their interests in some later, albeit more burdensome, litigation' "].)

King concedes section 387 permits intervention as a matter of right if the potential intervenor's interests are " 'not adequately represented by existing parties.' " However, she contends her "ability and fitness" to represent Wasdin's interest have already been judicially determined as she has been approved to bring this action on behalf of Wasdin's behalf in accordance with the California wrongful death statute. We do not find this argument persuasive.

By its order granting letters of administration, the Alabama probate court found King is "a suitable person, under the law and in the estimation of this Court, to serve as Personal Representative," and as such, she was "authorized to administer said estate." King, as personal representative, was also granted "all the powers and duties to act in transactions as enumerated in Code of Alabama § 43-2-843 (1975, as amended)," and she was ordered to "proceed without delay to collect and take into possession or control the goods and chattels, money, books, papers and evidence of the said Deceased's property interests, except the personal property exempted from administration under Code of Alabama § 43-8-111 (1975, as amended) and make due return, under oath, to this Court, a full and complete Inventory thereof with two (2) months." However, the Alabama probate court order says nothing about and does not presume to adjudicate the issue before us – whether Wasdin is entitled to intervene on the basis that King, as the statutory trustee for the heirs, is not adequately representing Wasdin's interest in the pending California wrongful death action. That specific issue is one to be resolved by the California trial court in the pending wrongful death action, not the Alabama probate court.

In so concluding, we note that King's argument, accepted by the trial court, appears to be incorrectly premised on the assertion that the wrongful

14

death action is part of the administration of the estate that is under the jurisdiction of the Alabama probate court. As specifically explained by our high court, a wrongful death action seeks to recover money that constitutes "no part of the estate of [the] deceased, and the proceeding is not one within the *probate* jurisdiction of the superior court," but one within the general jurisdiction of the superior court. (*Riccomi, supra*, 185 Cal. at pp. 463–464, original italics.) In other words, "[i]n this case the important thing to bear in mind is that the action 'for damages' for the benefit of the 'heirs' is one solely for the *purpose of compensating them for the pecuniary loss suffered by them* by reason of the death of the deceased." (*Id.* at p. 461, original italics.) "[T]he plain design of the statute is to give solely to the members of a certain class the opportunity to recover damages for such pecuniary loss as they had suffered by reason of the death of the decedent, and to recompense, in so far as the law can do so, each of such class who has suffered pecuniary loss." (*Id.* at pp. 462–463.)

We recognize that implicit in our wrongful death statute is a presumption that the personal representative will adequately represent the rights of all heirs. Nonetheless, we see nothing in the statutory language that the Legislature intended any such presumption could not be rebutted by a showing of inadequate representation of the heir's interest in support of a motion to intervene as a matter of right under section 387, subdivision (d)(1)(B). On remand, in reconsidering the motion to intervene, the trial court will have the opportunity to analyze whether Wasdin's interests will be adequately protected by King acting as personal representative.[3]

---

[3]     On remand, if the trial court were to find mandatory intervention proper because King does not adequately represent Wasdin's interest, Wasdin would be allowed to file her complaint in intervention and King would continue as sole plaintiff and would continue to represent the interests

15

## III. Conclusion

In sum, we conclude the trial court failed to give due consideration to statutory and case law governing intervention and wrongful death actions. Wasdin, an heir, is entitled to intervene as a matter of right in the pending wrongful death action commenced by King as personal representative, so long as Wasdin demonstrates her statutory entitlement to relief under section 387, subdivision (d)(1)(B). We further conclude the court erred in finding Wasdin was required to pursue her complaints about the inadequacy of King's representation in the Alabama probate court. Intervention cannot be denied solely on the basis that Wasdin might be able to protect her interests in separate litigation in another court.

We reverse and remand for the trial court to reconsider Wasdin's motion to intervene. Our decision should not be read as expressing an opinion on how the trial court should rule on the motion to intervene.[4]

---

of the decedent's minor son. As with all cases in which there is an intervention, the trial court would determine conditions or limitations, if any, to be imposed on Wasdin's participation in the litigation. (See *Carlsbad Police Officers Assn. v. City of Carlsbad* (2020) 49 Cal.App.5th 135, 153–154 ["[a] trial court may place reasonable conditions on a nonparty's intervention under section 387, consistent with its inherent authority to ensure efficient case management;" "[c]onditions may be placed on . . . interveners of right," but "[w]here intervention is of right . . . a court has less leeway to limit a nonparty's participation," in that "[a]lthough restrictions of a 'housekeeping' nature may be allowed – e.g., to avoid unnecessary duplication – these limitations may not impair an intervener of right from presenting its interest in the same manner as an original party;" "[s]o long as there exists a reasonable justification for the condition imposed, the trial court's decision will not be disturbed"].)

[4] Consequently, we do not address the parties' contentions directed at the merits of the motion, i.e., whether Wasdin is entitled to intervene as a matter of right, as those arguments will be addressed on remand.

## DISPOSITION

The October 6, 2021 order denying Erica Martinez Wasdin's motion for leave to intervene is reversed.  The matter is remanded with directions to the trial court to reconsider the motion on its merits.  Erica Martinez Wasdin is entitled to recover her costs on appeal.

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Rodríguez, J.

A163843

18

Trial Court: San Francisco County Superior Court

Trial Judge: Hon. Ethan P. Schulman

Counsel: Danko Meredith, Michael S. Danko and Michael S. Smith, for Plaintiff and Respondent.

Rovens Lamb, Steven Lamb; Law Offices of Jennifer Dodge, Jennifer Dodge, for Defendants and Respondents.

Arias Sanguinetti Wang & Torrijos, Elise Sanguinetti and Jamie G. Goldstein, for Intervener and Appellant.

Cunningham Swaim, Michael Terhar, Jonathan Hembree, and Joseph Mkryan, for Intervener and Appellant.